274 So.2d 662 (1973)
Hollis L. GARDNER
v.
John A. COLLIER, Superintendent of the Mississippi State Penitentiary, et al.
No. 47042.
Supreme Court of Mississippi.
March 12, 1973.
Howard Q. Davis, Jr., Indianola, for appellant.
A.F. Summer, Atty. Gen. by James W. Haddock, Sp. Asst. Atty. Gen., Jackson, for appellees.
*663 SUGG, Justice:
Appellant was granted a parole on July 30, 1971, from a life sentence imposed by the Circuit Court of Lowndes County, Mississippi, following his conviction for the crime of murder at the November, 1951, term of said court. He was arrested on the same day and returned to the Mississippi State Penitentiary on July 31, 1971, and thereafter his parole was revoked. He sought reinstatement of his parole by a petition for writ of habeas corpus filed with the Circuit Judge of Sunflower County.
Appellant assigns as error the following:
1. The Lower Court erred in denying relief to the petitioner on the proposition that his parole from the Mississippi State Penitentiary was improperly and illegally revoked.
2. The Lower Court erred in denying the petition of Hollis L. Gardner, appellant, that he be released from the Mississippi State Penitentiary at Parchman Mississippi, and the said revocation stricken from the record of appellant.
Approximately seven or eight hours after his release from prison, appellant was arrested by officers of the City of Cleveland, Mississippi, Police Department, charged with public drunkenness, and detained overnight in the Bolivar County jail. The next morning Gardner's parole officer called Henry C. Williams, Deputy Administrative Assistant to the State Probation and Parole Board, and requested that he go to the county jail to investigate the matter. In compliance with this request, Williams and another parole officer went to the jail in Cleveland, Mississippi, where appellant was detained. Williams testified that appellant stated to him, "I have messed up  I started drinking in Cleveland but I don't know how I got in Clarksdale." Upon this admission by appellant, Williams informed him that he was going to carry him back to Parchman. Williams requested a parole revocation on the grounds of public drunkenness.
Williams testified that he told Gardner of his statutory right to a hearing before the Probation and Parole Board. In addition to this notification there was testimony that each prisoner is told of his right to *664 a revocation hearing at the time of his release. Appellant denied he was told that he had a right to a hearing; that he requested a sobriety test at the time of his arrest; that he had been given a hearing on a prior occasion when a previous parole granted him was revoked.
After a trial on May 3, 1972, the relief requested in the petition for writ of habeas corpus was denied without prejudice to the petitioner to pursue his statutory remedy with the Probation and Parole Board of the State of Mississippi. The order of the court contained this statement:
Wherefore, the Court finds that the Petitioner at this time now has available to him an administrative remedy by requesting a hearing on his parole revocation and he may make this request at any time after the date of this Order... .
Appended to the briefs filed in this case are documents dealing with matters which were not in evidence at the hearing on May 3, 1971, and the additional information contained in the briefs is not properly before the Court; therefore, this decision is based solely on the evidence adduced at the hearing.
In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court of the United States dealt with the rights due a defendant in a parole revocation proceeding and stated:
We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Cf. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions. (408 U.S. at 480, 92 S.Ct. at 2600, 33 L.Ed.2d at 494.)
The decision of Morrissey, supra, was not made retroactive and the Court stated:
We have no thought to create an inflexible structure for parole revocation procedures. The few basic requirements set out above, which are applicable to future revocations of parole, should not impose a great burden on any State's parole system... . (408 U.S. at 490, 92 S.Ct. at 2604, 33 L.Ed.2d at 499.)
In Morrissey, supra, the State of Iowa contended that the parolees had admitted the parole violations but the court in reviewing the record, noted that the interview relied on to show that the parolees admitted the violations, came to the Court only in the State's brief. The Court stated:
We must therefore treat this case in the posture and on the record the State elected to rely on in the District Court and the Court of Appeals. If the facts are otherwise, the State may make a showing in the District Court that petitioners in fact have admitted the violations charged before a neutral officer. (408 U.S. at 477, 92 S.Ct. at 2598, 33 L.Ed.2d at 492.)
......
In the peculiar posture of this case, given the absence of an adequate record, we conclude the ends of justice will be best served by remanding the case to the Court of Appeals for its return of the two consolidated cases to the District Court with directions to make findings on the procedures actually followed by the Parole Board in these two revocations. If it is determined that petitioners admitted parole violations to the Parole Board, as Iowa contends, and if those violations are found to be reasonable *665 grounds for revoking parole under state standards, that would end the matter. If the procedures followed by the Parole Board are found to meet the standards laid down in this opinion that, too, would dispose of the due process claims for these cases. (408 U.S. at 490, 92 S.Ct. at 2605, 33 L.Ed.2d at 499.)
In the instant case a determination was made by an independent officer that appellant admitted violation of his parole, thus justifying his detention and return to the Penitentiary. As previously noted, Williams and another parole officer interrogated appellant on the morning following his arrest where he admitted a violation of his parole. Appellant knew why Williams had come to the jail at Cleveland and he knew the parole violation he was charged with. When he freely admitted that he had become intoxicated there was adequate reason for his detention and return to the Mississippi State Penitentiary without the necessity of a preliminary hearing.
Under the provisions of Section 4004-13 Mississippi Code 1942 Annotated (1956), appellant is entitled to a hearing before the Parole Board on the question of whether or not his parole should be revoked. The pertinent part of the Section reads as follows:
At the next meeting of the Board held after the issuance of a warrant for the retaking of any prisoner, said Board shall be notified thereof; and if said prisoner shall have been taken into custody, he shall then be given an opportunity to appeal to said Board in writing or in person why his parole should not be revoked; and the said Board may then, or at any time in its discretion, terminate such parole or modify the terms and conditions thereof. .. .
It is suggested in the brief for appellant that such a hearing has now been held but the record of such hearing is not before us for consideration and we are therefore unable to make a determination as to whether or not he was afforded a hearing as required by law.
The Circuit Judge properly denied the petition for writ of habeas corpus. We therefore affirm.
Affirmed.
All Justices concur.