**George E. LAMBUR, III**

v.

**Charles P. CHEW et al.**

**Civ. A. No. 3–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 10, 1973.

George E. Lambur, III, pro se.

Wm. A. Carter, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants.

MEMORANDUM

MERHIGE, District Judge.

In this action, George E. Lambur, III, sues three members of the Virginia Probation and Parole Board and two parole officers for a total of $500,000. The Action is brought in *forma pauperis* pursuant to 42 U.S.C. § 1983, with jurisdiction conferred by 28 U.S.C. § 1343. The defendants have moved for summary judgment, the plaintiff has responded, and the matter is now ready for disposition.

Lambur's complaint concerns the manner in which his parole was revoked. The record reveals that Lambur was originally paroled on May 23, 1972. On July 28, 1972, after learning of possible violations on the part of Lambur of the conditions of his parole, the defendant Pleasant Shields caused to be issued a warrant against him. Lambur was arrested in Virginia Beach on September 9, 1972, and returned to the State Penitentiary for a parole revocation hearing on October 12, 1972, consummating in a revocation of parole.

The sole issue that Lambur raises is that he was not accorded a preliminary interview or hearing in Virginia Beach for the purpose of determining whether there was probable cause to believe that he had violated the terms of his parole and thus whether he could be held in custody and returned to Richmond for a full revocation hearing. Such a preliminary inquiry is required under Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), to be made by someone not directly involved in the parolee's case at the place of arrest and as promptly as is convenient after arrest.

The defendants admit that no such probable cause inquiry was made in Lambur's case, but argue nevertheless that he is not entitled to recover damages. The Court concurs in this conclusion.

A thorough examination of the record establishes conclusively that the lack of a preliminary hearing did not result in any harm to Lambur. After the defendants realized that Lambur had been entitled to a preliminary interview, they proceeded to give him one anew. William P. Campbell, a parole officer with no involvement in Lambur's case, conducted a probable cause interview on January 9, 1973, in Chesapeake, Virginia. As a result of that inquiry, Campbell determined that Lambur had indeed violated the terms of his parole and that probable cause thus existed to hold him as a parole violator. On the basis of this finding, the Court determines that had Lambur originally been accorded a preliminary hearing, he would have been found in violation of the terms of his parole and incarcerated pending a full revocation hearing. The failure to afford him his full rights in September, 1972, did not, therefore, result in any compensable damages to him.

This conclusion is not altered by the fact that Campbell also found mitigating circumstances surrounding Lambur's violations, and in fact recommended that he be re-paroled, which recommendation the Parole Board subsequently followed. *Morrissey* requires no more than an informal inquiry into whether a parolee did in fact violate the terms of his parole. Although Lambur did not receive such an inquiry when he should have, a subsequent inquiry showed that he would have been determined to have been in violation and bound over. The Commonwealth of Virginia, if it so desires, may choose to use the preliminary interview procedure for the further purpose of making an initial determination as to whether the violations found justify revocation. This seems to have been done in the hearing given Lambur on January 9, 1973, by Campbell's recommendations. But if Virginia does choose to use the procedure in this way and then fails to accord it to a particular parolee, whatever misfortune that may result to that parolee does not result from the violation of a federal constitutional right. Thus, it may be that had Lambur been given the sort of preliminary hearing on September 9, 1972, that he was given on January 9, 1973, the Parole Board at the hearing in October would have decided not to revoke his parole. If this is true, then the failure to give him a preliminary hearing contributed to his incarceration from October until January. But it was not the violation of the due process requirement recognized by *Morrissey* that resulted in that additional period. It was, instead, the failure to make a preliminary recommendation as to the merits of his revocation that contributed to the period of incarceration. This failure does not constitute a violation of federal rights.