19954

Bobby RUSSELL, Appellant, v. E. B. COOPER, Warden, Richland County Detention Center, Respondent.

(211 S. E. (2d) 655)

*Roy T. Stuckey, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

February 6, 1975.

Moss, Chief Justice:

This is an appeal from an order of the Honorable John Grimball, Resident Judge of the Fifth Circuit, dismissing a *Writ of Habeas Corpus* filed by Bobby Russell, the appellant herein, and permitting the State of Louisiana to take custody of the appellant for a parole violation of a sentence imposed in that State.

Bobby Russell was originally confined in the State of Louisiana after conviction on criminal charges in that State. He was paroled by Louisiana on November 7, 1971, and at his request, his parole supervision was transferred to the South Carolina Probation, Pardon and Parole Board, pursuant to the Uniform Act for Out-of-State Parolee Supervision. The States of Louisiana and South Carolina are parties to this compact. Section 55-631 *et seq.,* of our Code.

Bobby Russell, after being transferred to South Carolina, was tried, convicted and sentenced in Marlboro County on May 9, 1973, to confinement for a period of one year, upon a charge of possession of drugs with intent to sell. While serving this sentence, in the Department of Corrections in Richland County, he was charged, convicted and sentenced to confinement for a period of fifteen months for the crime

of possession of contraband drugs. Based on his conviction of a crime in this State, which conviction was admittedly in violation of the conditions of his parole, the State of Louisiana issued its warrant charging him with parole violation. This warrant was filed with the South Carolina Department of Corrections on August 3, 1973, as a detainer. The appellant completed the service of his South Carolina sentences on September 1, 1974, at which time a fugitive warrant for him was obtained, based on the Louisiana parole violation warrant, and the Sheriff of Richland County took him into custody at that time.

The appellant refused to waive extradition and demanded a hearing, pursuant to Section 17-201 *et seq.* of the Code. Louisiana and South Carolina assert that pursuant to the interstate compact both states have waived any requirement that formal extradition proceedings be initiated. The interstate compact expressly provides that the decision of the sending State, here Louisiana, to retake a parolee is conclusive upon and not reviewable within the receiving State, here South Carolina. The appellant expressly waived extradition as a condition of being granted his request to transfer parole supervision to South Carolina. The appellant contends that he has been denied his constitutional right to due process in that the State of Louisiana failed to afford him timely and prompt preliminary and final parole revocation hearings. The court here held that where the detention is based on a conviction in a court of record there is no requirement that a preliminary parole revocation hearing be held. It was further held that the time for holding the final parole revocation hearing is when the parolee has completed service of the sentence which would serve as the basis for the revocation, and Louisiana has not denied the appellant due process by failing to hold a final parole revocation hearing, since the service of the South Carolina sentence was only completed on September 1, 1974. The court below dismissed the petition and denied the requested relief. This appeal followed.

The appellant filed his petition for a *Writ of Habeas Corpus* on September 20, 1974. The court appointed counsel to represent him, and a hearing was held on September 30, 1974. At this hearing it was stipulated that the appellant was on parole from the State of Louisiana, and it was also agreed that the appellant was tried, convicted and sentenced on criminal charges originating in this State, while he was under the supervision of the South Carolina Probation, Pardon and Parole Board. It was also agreed that his conviction here was in violation of the conditions of his parole in Louisiana. On October 3, 1974, the lower court held that the appellant had not been denied his constitutional right to due process, finding that he had violated the conditions of his Louisiana parole by reason of his convictions in this State. He further held that the appellant was not entitled to any formal extradition proceedings because he had expressly waived such as a condition of being granted his request to transfer his parole supervision to this State, under the terms of the interstate compact, to which reference has heretofore been made. The lower court directed that the custody of the appellant be forthwith delivered to the Louisiana authorities. After the appellant had given notice of intention to appeal, a member of this Court, on October 10, 1974, restrained the delivering of the custody of the appellant to the State of Louisiana until his appeal from the order of Judge Grimball could be perfected, heard and decided by this Court. We have recited the foregoing facts to show that the appellant had a prompt and timely disposition of his case.

The two exceptions of the appellant pose the question of whether the court below erred in failing to order the appellant's release on the ground that the State of Louisiana's failure to provide preliminary and final parole revocation hearings while he was incarcerated in South Carolina denied him due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

In *Morrissey v. Brewer,* 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed. (2d) 484, the United States Supreme Court

established minimal due process requirements for preliminary and final proceedings held to determine whether or not a parolee has violated the terms of his parole agreement while conditionally free from incarceration, and whether, if so, such a violation warrants revocation of the parole theretofore granted.

The lower court stated in its order that the *Morrissey* case held that in order to comply with due process a parolee is entitled to certain procedural safeguards before parole may be revoked. The parolee must be afforded a preliminary probable cause type hearing to determine whether there is reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions.

The question involved is whether or not the rule set forth in *Morrissey* requires a preliminary hearing in this case when the parolee admits that he had been convicted of a crime in a court of record in this State which constitutes a violation of his parole. There is a split of authority among the Federal Courts on this question. *Cook v. United States Attorney General,* 5 Cir., 488 F. (2d) 667; *Cooper v. Lockhart,* 8 Cir., 489 F. (2d) 308.

The appellant takes the position that the delay between the filing of the detainer on August 3, 1973, and Louisiana's attempt to take custody of him on September 1, 1974, denied him due process. In support of his position he cites *Sutherland v. District of Columbia Board of Parole, D. C.,* 366 F. Supp. 270. If the rule in this case is followed, it would mandate the release and discharge of the appellant from custody.

The respondent asserts that *Morrissey* should not apply because the violation of the parole conditions involve no factual dispute. Admittedly, one of the conditions of the appellant's parole was that he would not violate or be convicted of violating the law of any other jurisdiction. Admittedly, the appellant has violated the conditions of his

parole. The preliminary probable cause hearing was not required under these circumstances. The case of *Cook v. United States Attorney General, supra,* a Fifth Circuit opinion, is directly in point and declines to follow the rule set forth in the *Sutherland* case and states:

"We do not close our eyes to the fact that Appellee may have been disadvantaged in certain respects by the deferral of the revocation hearing but we are unable to conclude that the disadvantage constitutes such a grievous loss—in due process terminology—as to require the hearing to be held prior to service of the intervening sentence or to permit the intrusion by a Court into this highly discretionary activity."

In the *Cook* case the Court went on to distinguish *Morrissey* in that there they were confronted with parolees who had been returned to prison under executed *warrants* and not the situation where their return to prison was for new intervening convictions for admitted, serious crimes.

We need not reach the conclusion that the *Morrissey* type hearing is not required in any situation where a parolee is confined on an intervening conviction of a crime and express no opinion in that respect.

A *Morrissey* type preliminary hearing need not be afforded the appellant due to his admitted convictions in courts of this State, and that this was a violation of his Louisiana parole.

The appellant, in his brief, concedes: "* * * that proof of a conviction of a criminal offense without contradictions or explanation would support a finding of probable cause for Louisiana to continue the parole revocation proceedings."

Some courts have applied the harmless error rule where no harm to a parolee has been shown as a result of an erroneous failure to grant a preliminary hearing to such individual. *Lambur v. Chew, D. C.,* 356 F. Supp. 751, and *State v. Morales,* 120 N. J. Super. 197, 293 A. (2d) 672. In the last cited case the court agreed that several of the

requirements of *Morrissey* had not been afforded to the parolee but concluded that had all the specified due process requirements of *Morrissey* been scrupulously followed, the same result would have been reached. It was undisputed that the parolee pleaded guilty to assault and battery while on parole, an act of which clearly violated several sections of the conditions of parole, which he signed the day prior to his release on parole. The court explained, saying that to now require a remand for an evidentiary hearing would be an exercise in futility.

It has been held that no preliminary hearing is necessary where the parolee has admitted that he has violated the terms of his parole. *In re La Croix,* 12 Cal. (3d) 146, 115 Cal. Rptr. 344, 524 P. (2d) 816, and *Gardner v. Collier,* Miss., 274 So. (2d) 662.

It has also been held that preliminary hearings are not required where the subsequent revocation of parole is based on the parolee's conviction of a crime. *In re Scott,* 32 Cal. App. (3d) 124, 108 Cal. Rptr. 49. It was held *In re Edge,* 33 Cal. App. (3d) 149, 108 Cal. Rptr. 757, that a parolee is not entitled to a preliminary hearing, as set out in *Morrissey,* where the violation of parole with which he has been charged is supported by a criminal conviction in an independent criminal proceeding.

It is conclusive from this record, and the admission of the appellant, that he has committed acts that constitute a violation of his Louisiana parole. It follows that the appellant has not been denied his constitutional right to due process and there is no impediment factually or legally to the State of Louisiana retaking custody of him.

The judgment of the lower court is affirmed, and the order restraining the delivery of the custody of the appellant to Louisiana is vacated.

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.