SOUTHWICK, P.J.,
for the court.
¶ 1. In November 2001, Arthur White, an inmate in the state prison system, petitioned the Circuit Court of Sunflower County to order his release on parole after the State Parole Board rescinded his parole. The court dismissed. White appeals, arguing that the Board’s decision was arbitrary and capricious, depriving him of due process of law. We disagree and affirm.
STATEMENT OF FACTS
¶ 2. Arthur White was convicted in 1978 of robbery, rape, and kidnapping. He was sentenced to life in prison. In February 2001, the Mississippi State Parole Board *481 met and determined that the following reasons favored parole for White:
— Has served sufficient portion of sentence.
— Successfully completed set-off.
— Needs supervision prior to discharge.
— Has employment or adequate provisions for maintenance and care.
— The Board believes he is able and willing to fulfill the obligation of a law-abiding citizen.
¶ 3. The Board voted to grant White parole subject to two conditions: the completion of a pre-release program at the state prison and a psychiatric examination. White completed the program and the examination was conducted. Approximately two months after the initial and conditional decision, the Board rescinded the action without conducting any hearing. No document in the record explains the Board’s reasoning. Attached to White’s petition is a form that simply notes that the parole decision was rescinded. From some source, the trial court determined as shown in her order that parole was rescinded “due to the serious nature of offense; poor prognosis according to psycho-logieal/psychiatric evaluation; community opposition; insufficient time served; and the board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotated as amended.”
¶ 4. White petitioned for review of the parole decision in the circuit court and to obtain an order for his release. The court dismissed the case. His appeal has been deflected here.
DISCUSSION
¶ 5. White argues that his due process rights have been violated in denying his expectation of parole. He submits that Mississippi law requires an opportunity for hearing prior to the revocation of his parole, citing Gardner v. Collier, 274 So.2d 662 (Miss.1973). Gardner is inapplicable, as that concerned the revocation of parole eight hours after the prisoner was released on parole. Id. at 663-64. The issue before us is not what would have been required, had White actually been released, before he could be returned to prison.
¶ 6. What occurred here was an initial decision that White should receive parole, conditioned on his completing a pre-re-lease program and also undergoing a psychiatric examination. Though not stated, for these conditions to have any meaning there must be implied that he needed to perform satisfactorily on both. He had received at most an expectation of parole. In determining whether there are constitutional obligations to provide a hearing or other procedural rights in this context, the question is whether the individual has a liberty interest that is affected by the decision. It has been determined that there is no entitlement to parole under this state’s statutory scheme, and therefore no liberty interest until parole is finally and formally received.
The distinction between whether a prisoner shall or may be given parole critically differentiates his expectation of release, and hence his rights under the due process clause of the Fourteenth Amendment. In Mississippi, the absolute discretion conferred on the parole board affords a prisoner no constitutionally recognized liberty interest.
Harden v. State, 547 So.2d 1150, 1152 (Miss.1989) (quoting Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (5th Cir.1987)).
¶ 7. Parole is granted solely at the discretion of the State Parole Board, not on the basis of statutory right. Miss.Code *482 Ann. § 47-7-5(3) (Rev.2000), repealed eff. July 1, 2002. What statutory guidelines do exist are limits on the Board’s ability to award a parole, not guarantees.
A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered to be a reduction of sentence or pardon. An offender shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen.
Miss.Code Ann. § 47-7-17 (Rev.2000).
¶ 8. There is a continuum of a prisoner’s hopes — beginning with desire, leading through expectation, and finally arriving at certainty — involved with parole in Mississippi. See Davis v. Johnson, 205 F.Supp.2d 616, 619 (N.D.Miss.2002). Which one or more are liberty interests determines what process is due at each stage. The first level is that of the inmate prior to any determination about parole. The second is the inmate who has been awarded parole, conditionally or at least prospectively, but he has not yet been released. Finally, there is the inmate released from confinement.
¶ 9. A Mississippi inmate in the first position has no due process rights. A prisoner in the third position is due certain process before he can be returned to prison. Morrissey v. Brewer, 408 U.S. 471, 481-90, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). It is the second position that is the closer question, with an inmate’s heightened hopes in release. However, the United States Supreme Court has held that no procedural due process protections attach to an inmate in such a circumstance:
We do not doubt that respondent suffered “grievous loss”-upon OAPA’s rescission of his parole. But we have previously “reject[ed] ... the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause.” Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). In this case, as in our previous cases, “[t]he question is not merely the ‘weight’ of the individual’s interest, but whether the nature of the interest is one within the contemplation of the ‘liberty or property language of the Fourteenth Amendment.’ ” Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).
Jago v. Van Curen, 454 U.S. 14, 17, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981). In Jago as with White, the prisoner had been notified that he would receive parole. Then before the actual release, the parole authorities determined that some of the statements that the prisoner had made during the evaluation process were false. The parole decision was rescinded. The Court found that no hearing or other process was required. Id.
¶ 10. Therefore, even though we do not find any record evidence of the reason for the Board’s rescission, that absence is unimportant insofar as White’s constitutional process rights are concerned. By statute, though, the Parole Board is within 30 days of denial of parole to give the inmate a written explanation. Miss.Code Ann. § 47-7-17 (Rev.2000). White makes no complaint that he was not informed of the basis, and indeed the trial court’s opinion indicates the reason.
¶ 11. White provides a list of inmates who have served less time than he, yet received parole. White’s argument seems to be one in which sheer numbers have created a right to parole. Again, White treads on ground already covered by the U.S. Supreme Court.
*483 A constitutional entitlement cannot be created-as if by estoppel-merely because a wholly and expressly discretionary state privilege has been granted generously in the past. No matter how frequently a particular form of clemency has been granted, the statistical probabilities standing alone generate no constitutional protections; a contrary conclusion would trivialize the Constitution. The ground for a constitutional claim, if any, must be found in statutes or other rules defining the obligations of the authority charged with exercising clemency.
Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 465, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981).
¶ 12. White has failed to demonstrate any process due him as a result of the Board’s decision to rescind his parole. There was no error in dismissing White’s petition.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING WITH PREJUDICE DEFENDANT’S PETITION FOR PAROLE IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY.