The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Maxie Doyal Evans, III, Appellant,
 v.
 South Carolina Department of Probation, Parole and Pardon Services, Agents John Doe and Jane Doe, Respondents.
 
 
 

Appeal From Richland County
James W. Johnson, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-245
Submitted May 1, 2007  Filed May 22, 2007
AFFIRMED

 
 
 
 Maxie Doyal Evans, III, of Jesup, Georgia,
 pro se, Appellant.  
 Deputy Director for Legal Services Teresa Knox, Assistant Chief Legal Counsel J. Benjamin Aplin, and Legal Counsel Tommy Evans, Jr., all of Columbia, for Respondents.
 
 
 

PER CURIAM:  Maxie Doyal Evans, III, appeals the circuit courts order refusing to set aside his parole revocation warrant.  We affirm.[1]
FACTS
Evans was convicted of safecracking, burglary in the second degree, possession of tools of a crime, and grand larceny.  He was paroled on January 4, 2000.  The South Carolina Parole Board permitted Evans parole to be transferred to Georgia pursuant to the Interstate Compact for Adult Offender Supervision (S.C. Code Ann. §§ 24-21-1100 - 1220) (Rev. 2007).  While in Georgia, Evans was arrested for possession of a firearm by a felon.  He was convicted of the charge and incarcerated in federal prison in Georgia.  The South Carolina Department of Probation, Parole and Pardon Services (the Department) issued a warrant for Evans arrest for various parole violations, including his weapons conviction.  However, the warrant was not executed.  Instead, a detainer was filed against Evans pursuant to which the federal prison system agreed to detain Evans upon his release so he could be taken into custody by the Department.  Evans was apprised of the existence of the warrant, and he signed an agreement waiving his preliminary hearing on the parole violation charges.  
Afterward, Evans began filing complaints with the prison insisting he could not be detained for parole violations by South Carolina authorities after his release from federal prison.  He believed the agreement he signed was actually a revocation of his parole in South Carolina, as a result of which he was serving his parole revocation concurrently with his federal sentence.  Because the warrant and his parole revocation were still outstanding, Evans was not eligible to participate in some federal pre-release programs.  
Evans filed a motion with the Richland County circuit court to Vacate and Set Aside his parole violation warrant.  The circuit court dismissed Evans motion, finding the circuit court lacked subject matter jurisdiction over the parole violation warrant and that jurisdiction to determine whether parole has been violated and should be revoked lies with the Department.  The court also held that Evans had not been deprived of any constitutional rights.  Evans then filed a Complaint against the Department in Richland County circuit court claiming the agency had breached contractual duties owed to him.  The circuit court construed Evans complaint as a motion to reconsider, which it denied.  
LAW/ANALYSIS
The circuit courts final order was filed May 25, 2006.  The Department argues that Evans filed his notice of appeal on July 27, 2006, which would fall outside the 30 day limitation provided for in South Carolina Appellate Court Rule 203(b).  If so, this court is without jurisdiction to hear Evans complaint.  Elam v. South Carolina Dept of Transp., 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) (The requirement of service of the notice of appeal is jurisdictional, i.e., if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal . . . .).  Evans contends he received the courts order on June 1, 2006 and mailed his notice of appeal to the Department and the court by certified mail on June 29 and 30, respectively.  The documents in Evans appellate file support his contention and demonstrate that he did everything possible to timely file his notice of appeal.  Consequently, we elect to address his claims on the merits.
Evans raises numerous issues in his pro se appeal that in sum and substance amount to two arguments.  First, he contends that the parole agreement is a contract, and the Department violated the covenant of good faith and fair dealing implicit therein when it did not accept his waiver, causing his probation revocation to run concurrent with his federal sentence.  He next argues he has been denied procedural due process because his parole violation warrant was not immediately executed and a revocation hearing conducted.
 
First, there is no contractual relationship between the Department and Evans based upon his parole agreement.  The extension of parole to an inmate is gratuitous.  See State v. De La Cruz, 302 S.C. 13, 16, 393 S.E.2d 184, 186 (1990) ([T]he ability to obtain parole is a matter of legislative grace.).  While the offer of parole will no doubt be accepted by most prisoners, there is simply no consideration exchanged between the parties.  See Armstrong v. Collins, 366 S.C. 204, 222, 621 S.E.2d 368, 377 (Ct. App. 2005) (The required elements of a contract are an offer, acceptance, and valuable consideration.).  Because there is no contract formed under such circumstances, the Department could not breach any contractually based duties that Evans contends arose in his favor.
Furthermore, a plain reading of the Waiver of Preliminary Hearing[2] signed by Evans indicates Evans admitted to a violation of his parole and waived his right to a preliminary hearing.  Such a hearing is held to determine if there is probable cause to believe that the parolee has committed acts that would constitute a violation of parole conditions.  See Russell v. Cooper, 263 S.C. 526, 530, 211 S.E.2d 655, 657 (1975).  This preliminary hearing is not a final determination and does not result in a decision regarding parole revocation.  See Morrissey v. Brewer, 408 U.S. 471, 484-89 (1972) (discussing the two important stages of parole revocation:  (a) Arrest of Parolee and Preliminary Hearing and (b) the Revocation Hearing).  The waiver does not intimate that Evans forfeited his parole thereby causing the revocation to be served simultaneously with his federal sentence.  It simply indicates Evans waived his right to the initial preliminary hearing.  To construe the waiver as more is overreaching.
Finally, the United States Supreme Court has made clear that an inmates due process rights are not violated under these conditions.  In Moody v. Daggett, 429 U.S. 78 (1976), Moody was on parole for a 1962 federal rape charge.  Id. at 80.  He was then convicted for murder.  Id.  The parole board prepared a parole violation warrant that it did not execute, instead placing a detainer on Moody.  Id. at 80-81.  The court concluded:  The issue before us here, . . . , is not whether a Morrissey-type[3] hearing will ever be constitutionally required in the present case, but whether a hearing must be held at the present time, before the parolee is taken into custody as a parole violator.  We hold that there is no requirement for an immediate hearing.  Moody, 429 U.S. at 86.  Likewise, there is no requirement that Evans receive an immediate hearing or that his parole revocation run concurrently with his federal sentence.  

AFFIRMED.
STILWELL, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The documents full title is OS Waiver of Preliminary Hearing (Form4-7) on Parole or Conditional Release Revocation and Agreement to Return.
[3] Morrissey, 408 U.S. at 488-89, established the minimum requirements for due process with respect to parole revocation:  (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.