THOMAS, J.,
for the Court:
¶ 1. Joseph Bourrage, pro se, appeals an order of the Circuit Court of Lauderdale County, Mississippi denying his petition for post-conviction relief. Aggrieved, Bourrage perfected this appeal, raising the following issue as error:
WHETHER THE CIRCUIT COURT ABUSED ITS AUTHORITY BY DENYING BOURRAGE EQUAL PROTECTION OF THE LAW BY REMOVING HIM FROM THE MDOC RID PROGRAM WITHOUT AN EVIDEN-TIARY HEARING?
¶ 2. We hold that the earned probation statute created no protected liberty interest and that the circuit court’s decision should be affirmed.
FACTS
¶ 3. On June 4, 1996, Joseph Bourrage entered a voluntary plea of guilty to embezzlement. The Circuit Court of Lauder-dale County deferred an adjudication of guilt under Miss.Code Ann. § 99-15-26 *1097 (Rev.1994) and placed Bourrage. on an eighteen month probationary period. Eleven months later, Bourrage’s probation officer swore out an affidavit for violation of the terms and conditions of probation. A warrant was issued for Bourrage’s arrest, and a motion to adjudicate guilt and sentence was filed by the office of the district attorney.
¶ 4. The circuit court found that Bour-rage had failed to comply with the court imposed conditions of probation and sentenced him to serve a period of ten years in the custody of the Mississippi Department of Corrections (MDOC). The circuit court under Miss.Code Ann. § 47-7-47 (Rev.2000) retained jurisdiction of the case and ordered Bourrage to successfully complete the Regimented Inmate Discipline (RID), or shock probation, program. ' On October 7, 1997, two months later, Bour-rage was terminated from the RID program because he had not complied with the program’s rules and regulations. Documents submitted to the circuit court from the MDOC revealed that Bourrage failed to obey direct orders, was belligerent, and verbally refused to obey a command. Furthermore, the documents reflected that Bourrage had told RID officials he was a “gangster” and would be a “gangster” until the day he died. The circuit court was notified of Bourrage’s termination by a letter from the MDOC dated July 21,1998. The circuit court entered a sentencing order on August 17, 1998, which stated that the sentence Bourrage was to serve was ten years in the custody of the MDOC.
¶ 5. Bourrage filed a motion for post-conviction relief, alleging that his constitutional rights to equal protection of the law were violated by the MDOC procedures. The circuit court concluded that Bour-rage’s claims were manifestly without merit and summarily denied his motion for post-conviction relief without an evidentia-ry hearing. It is from this denial that Bourrage appeals.
ANALYSIS
WHETHER THE CIRCUIT COURT ABUSED ITS AUTHORITY BY DENYING BOURRAGE EQUAL PROTECTION OF THE LAW BY REMOVING HIM FROM THE MDOC RID PROGRAM WITHOUT AN EV-IDENTIARY HEARING?
¶ 6. Bourrage puts forth two issues on appeal; however, the two issues address the same fundamental question of whether the circuit court had the authority to review and rule on Bourrage’s removal from the RID program without an evidentiary hearing. For clarification purposes, we will confront the issues as one.
¶ 7. Bourrage argues that a person placed on a program of earned probation pursuant to the provisions of Miss.Code Ann. § 47-7-47 (Rev.2000) has a right to an evidentiary hearing with respect to his rules violation before determining that he should be removed from the RID program. Bourrage further asserts that this process denied him equal protection of the law and deprived him of a valuable right, the right to be considered for earned probation. The State, on the other hand, contends that earned probation is not a right; that neither the Equal Protection Clause, Due Process Clause, nor Miss.Code Ann. § 47-7-47 (Rev.2000) conferred upon Bourrage a protected liberty interest in the right to earn a recommendation of release on probation by satisfactory completion of the RID program. Therefore, no constitutional claim can prevail.
¶ 8. Mississippi Code Annotated § 47-7-47 (Rev.2000) empowers the judge of any circuit court to place certain felony offenders on a program of “earned probation.” It reads, in its pertinent parts, as follows:
*1098 (1) The judge of any circuit court may place an offender on a program of earned probation after a period of confinement as set out herein and the judge may seek the advice of the commissioner and shall direct that such defendant be under the supervision of the department.
(2)(a) Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the commissioner at the time of the initial sentencing only, not earlier than thirty (30) days nor later than one year after the defendant has been delivered to the custody of the department, to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation....
Miss.Code Ann. § 47-7-47 (Rev.2000)
¶ 9. The circuit court judge, relying upon Harden v. State, 547 So.2d 1150, 1152 (Miss.1989), concluded there is no liberty interest in release pursuant to the provisions of Miss.Code Ann. § 47-7-47 (Rev. 2000). The circuit judge’s conclusion that there was a solid basis for Bourrage’s dismissal from the RID program was the product of cogent reasoning which flowed from an examination of documents submitted by MDOC officials. We hold the result reached by the circuit judge was both judicious and correct.
¶ 10. In the instant case, the circuit judge went out of his way to give Bourrage more than a second chance. First, the circuit judge placed Bourrage under the non-adjudication of guilt statute on an eighteen month probationary period which Bourrage violated. The circuit judge then afforded Bourrage the opportunity to be placed in the RID program, and once again Bourrage squandered his opportunity. The circuit court’s determination not to have an evidentiary hearing was based on the decision of the MDOC that Bour-rage failed to successfully complete the RID program as provided in the sentencing order. In Carson v. Hargett, 689 So.2d 753 (Miss.1996), the Mississippi Supreme Court stated “the classification of inmates is the responsibility of the Mississippi Department of Corrections .... [and] an inmate has no liberty interest in his custody classification.” Id. at 754 (citation omitted) (emphasis added). “None of the [Mississippi] statutes confer[ ] a right to a particular classification.” Id. at 755. Our Supreme Court has held in a case directly on point to the instant case that no statutory or constitutional right of this defendant has been violated by not affording him a hearing. Smith v. State, 580 So.2d 1221, 1226 (Miss.1991). Furthermore, as stated in Smith v. State, “assuming the petitioner was entitled to a hearing, he has now had it.” Id.
¶ 11. We hold that the circuit court has violated no statutory or constitutional right of Bourrage, and the circuit court acted on substantial evidence in accoi'dance with the authority vested in it by the statute.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.