George SCALES, Plaintiff-Appellant,

v.

MISSISSIPPI STATE PAROLE
BOARD, et al.,
Defendants-Appellees.

No. 87–4066

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1987.

George Scales, pro se.

Edwin Lloyd Pittman, Atty. Gen., Robert L. Gibbs, Asst. Atty. Gen., Jackson, Miss., Leonard Vincent, Parchman, Miss., for defendants-appellees.

Before GEE, GARWOOD, and JONES, Circuit Judges.

PER CURIAM:

Petitioner, presently incarcerated on two life sentences for two counts of murder, filed a pro se complaint attacking the denial of parole and asserting that he is being denied equal protection and due process of law under the fourteenth amendment in that the Mississippi Parole Statute is unconstitutional. The district court dismissed on the dual bases that the statute is not unconstitutional and that petitioner's complaint directed to his own parole determination sounds in habeas corpus and requires exhaustion of state remedies. We affirm.

After the district court affirmed the magistrate's recommendation in this case, the Supreme Court decided *Board of Pardons v. Allen,* —— U.S. ——, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987), in which it held that a Montana statute providing that the State Board of Pardons *"shall* release on parole ... any person confined in the Mon-

tana State Prison ... when in its opinion there is reasonable probability that the prisoner can be released without detriment to the prisoner or the community" (emphasis added) creates a liberty interest sufficient to trigger due process protections. Because the Mississippi parole statute calls for discretionary rather than mandatory action on the part of the Mississippi Parole Board, *Allen* does not, in our view, significantly modify this Court's previous holding that the statute creates no due process entitlement. See *Irving v. Thigpen*, 732 F.2d 1215 (5th Cir.1984). As *Irving* noted, Miss.Code Ann. § 47–7–3 (1972 and Supp. 1986) provides that:

> (1) Every prisoner ... whose record of conduct shows that such prisoner has observed the rules of the penitentiary, and who has served not less than one-fourth (¼) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, *may* be released on parole ..."

(emphasis added). The Montana statute, like the Nebraska statute examined earlier by the Supreme Court in *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), stated that parole *shall* be granted in accordance with certain statutorily specified conditions. Mont.Code Ann. § 46–23–201 (1985). The distinction between whether a prisoner *shall* or *may* be given parole critically differentiates his expectation of release, and hence his rights under the due process clause of the fourteenth amendment. In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest. Petitioner's first contention therefore fails.[1]

 To the extent petitioner is seeking a reduction of the length of his sentence (he asserts his state sentences should not be run consecutively), this presents a matter

to be determined in the first instance on application for habeas corpus, prior to which petitioner must exhaust his state remedies.

We therefore AFFIRM the decision of the district court dismissing petitioner's constitutional claims but dismissing without prejudice his unexhausted habeas claim.

---

1. Petitioner's additional contention that he is denied equal protection because only one black person is a member of the Mississippi Parole Board is meritless.