547 So.2d 1150 (1989)
Owen Lee HARDEN
v.
STATE of Mississippi.
No. 58786.
Supreme Court of Mississippi.
July 26, 1989.
Owen Lee Harden, Memphis, Tenn., pro se.
Mike Moore, Atty. Gen. by George W. Neville, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
Owen Lee Harden, a convicted and incarcerated felon, challenges the Mississippi State Parole Board's refusal to order him released on parole and argues specifically that Mississippi law vests him with a liberty interest in parole, entitling him to due process of law incident to his application for parole. The Circuit Court of Sunflower County denied Harden any relief. We affirm.
On February 22, 1985, the Circuit Court of the First Judicial District of Yalobusha County, Mississippi, adjudged Harden guilty upon his plea of guilty of the felony of arson of a dwelling[1] and sentenced him to a term of twenty (20) years in the custody of the Mississippi Department of Corrections, with six (6) years suspended. After serving forty-two (42) months in the Mississippi State Penitentiary, Harden applied to the Board for release on parole. By order of June 23, 1987, the Board denied parole, continued his application for a period of one year, citing as reasons "according to Section 47-7-17 of the Mississippi Code of 1972, not in the best interest of society."
On November 20, 1987, Harden filed in the Circuit Court of Sunflower County a petition denominated "Petition for Writ of Habeas Corpus". By reason of Miss. Code Ann. §§ 99-39-3(1) and -5(1)(g) (Supp. 1989), this application must be treated as a petition for post-conviction relief. See Rule 22, Miss.Sup.Ct. Rules; McClendon v. State, 539 So.2d 1375, 1377 n. 2 (Miss. 1989). In any event, Harden charged that he had been denied parole in violation of his right to due process of law secured by the Fourteenth Amendment to the Constitution of the United States. The Circuit Court determined that Harden had no such due process right in the premises and dismissed the petition. Harden now appeals to this Court.
The case turns on whether Mississippi law creates a constitutionally protected liberty interest in the form of an expectation of parole. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) holds that the maintenance of a parole system in and of itself gives rise to no protected liberty interest in release on parole, but where state law provides that upon the meeting of one or more objective conditions a prisoner becomes entitled to parole, a protected liberty interest exists. Critical is the presence of the mandatory "shall" in the state's parole law or enforceable regulations in such a context that a presumption of entitlement to parole *1151 arises from satisfaction of the objective criteria. To like effect is Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).
In relevant part, the Mississippi legislature has enacted as follows:
§ 47-7-3. Parole of prisoners; conditions; determination of tentative hearing date.
(1) Every prisoner who has been or may hereafter be convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the pentientiary, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided, ... . [subject to exceptions not relevant here]. [Emphasis added]
The statutes further provide:
§ 47-7-17. Examination of offender's record; eligibility for parole.
Within one (1) year after his admission and at such intervals thereafter as it may determine, the board shall secure and consider all pertinent information regarding each offender, except any under sentence of death, including the circumstances of his offense, his previous social history, his previous criminal record, including any records of law enforcement agencies or of a youth court regarding that offender's juvenile criminal history, his conduct, employment and attitude while in the custody of the department, and the reports of such physical and mental examinations as have been made. The board shall furnish at least three (3) months' written notice to each such offender of the date on which he is eligible for parole.
Before ruling on the application for parole of any offender, the board may have the offender appear before it and interview him. No application for parole of a person convicted of a capital offense shall be considered by the board unless and until notice of the filing of such application shall have been published at least once a week for two (2) weeks in a newspaper published in or having general circulation in the county in which the crime was committed. The board shall also give notice, if possible, of the filing of the application for parole to the victim of the offense for which the prisoner is incarcerated and being considered for parole, or in case the offense be homicide, a designee of the immediate family of the victim, provided the victim or designated family member has furnished in writing a current address to the board for such purpose. A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered to be a reduction of sentence or pardon. An offender shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and when the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen. [Emphasis added]
Harden argues that Mississippi's statutory scheme is sufficiently similar to those in Nebraska and Montana so that faithful application of Greenholtz and Allen requires recognition that Mississippi law gives rise to a constitutionally protected liberty interest in the form of an expectation of parole. In Greenholtz the Court finds that the presence of the mandatory "shall" in the Nebraska statute created a presumption that parole release must be granted unless one of four designated justifications for deferral be found. Greenholtz, 442 U.S. at 11-12, 99 S.Ct. at 2105-06, 60 L.Ed.2d at 678-79. In Allen the mandatory "shall" generates a similar presumption that release will be granted, rebuttable by specified showings. 482 U.S. *1152 at 377-78, 107 S.Ct. at 2420-21, 96 L.Ed.2d at 313-14. Because of the use of the permissive "may" in Section 47-7-3 read in the context of the other provisions of that section and, as well, those of Section 47-7-17, we disagree.
The United States Court of Appeals for the Fifth Circuit has recently considered the point in Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (5th Cir.1987) and there stated:
The distinction between whether a prisoner shall or may be given parole critically differentiates his expectation of release, and hence his rights under the due process clause of the Fourteenth Amendment. In Mississippi, the absolute discretion conferred on the parole board affords a prisoner no constitutionally recognized liberty interest.
Scales, 831 F.2d at 566; see also Irving v. Thigpen, 732 F.2d 1215, 1217-18 (5th Cir.1984). We agree.
Concededly, there are great similarities between the Mississippi parole statutes quoted above and those of Nebraska considered in Greenholtz and Montana considered in Allen. Quite probably, had we found the word "shall" instead of of "may" in Section 47-7-3, Greenholtz and Allen would require a different result. The question, however, is not how many words of the statute are different but whether in concept they are different. Mississippi's employment of the permissive "may" presents a different concept, one significantly distinguishable from Nebraska and Montana's use of the mandatory shall. Nothing in the remainder of the Mississippi parole statute operates to generate a reasonable expectation of parole.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] For the background of this matter, see Harden v. State, 460 So.2d 1194 (Miss. 1984).