750 So.2d 1277 (1999)
Billy Joe JUSTUS, Appellant,
v.
STATE of Mississippi, Mississippi State Parole Board, Ruth S. Mosley, Harry F. Bryant and Cornelia P. Mason, Appellees.
No. 98-CP-00642-COA.
Court of Appeals of Mississippi.
September 28, 1999.
*1278 Billy Joe Justus, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, Attorney for Appellees.
BEFORE KING, P.J., IRVING, AND LEE, JJ.
LEE, J., for the Court:
¶ 1. On July 15, 1997, Billy Joe Justus became eligible for parole. The parole board met without Justus being present and denied parole. Subsequently, Billy Joe Justus filed a petition for writ of habeas corpus under the post conviction collateral relief act. The aforementioned motion was denied by the trial judge, and Justus filed a pro se brief to appeal said denial. In his pro se brief Justus requested that the Court order a new hearing relative to the determination of his parole eligibility. The issues presented by Justus on appeal may be summarized as follows: (1) whether Justus was denied equal protection and due process when he was denied parole, and (2) whether the parole board's decision to deny Justus parole was arbitrary and capricious. Finding the arguments presented by Justus to be without merit, we affirm.

FACTS
¶ 2. According to documents filed by Billy Joe Justus, he was convicted on January 7, 1992, and sentenced to serve a twenty-five year term in the Mississippi Department of Corrections. Justus is currently incarcerated within the custody of the Mississippi Department of Corrections. On July 15, 1997, Billy Joe Justus became eligible for consideration of parole. The parole board met without Justus being present and denied Justus's parole. Justus will once again be eligible for parole in May 2000. All other relevant facts will be mentioned in the opinion as the issues warrant their discussion.
ISSUES
I. WHETHER JUSTUS WAS DENIED EQUAL PROTECTION AND DUE PROCESS WHEN HE WAS DENIED PAROLE.
II. WHETHER THE PAROLE BOARD'S DECISION TO DENY JUSTUS PAROLE WAS ARBITRARY AND CAPRICIOUS.
¶ 3. Justus argues on appeal that he was denied equal protection and due process by the parole board under the fifth and fourteenth amendments when pursuant to Miss.Code Ann., Section 47-7-17 (Supp. 1998) he was denied parole. Justus further elaborates on this assertion and states that his equal protection rights were violated because prisoners which were similarly situated had been granted parole, and his parole was denied without some rational relationship to a legitimate state purpose. *1279 Justus further takes issue with the fact that he was not present at the parole board's meeting denying him parole.
¶ 4. In Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (5th Cir. 1987), the court stated:
The distinction between whether a prisoner shall or may be given parole critically differentiates his expectation of release, and hence his rights under the due process clause of the Fourteenth Amendment. In Mississippi, the absolute discretion conferred on the parole board affords a prisoner no constitutionally recognized liberty interest. (emphasis added)
See also Vice v. State, 679 So.2d 205, 208 (Miss.1996); Harden v. State, 547 So.2d 1150, 1151-52 (Miss.1989).
¶ 5. Since Justus does not allege either that he is a member of a suspect class, or that a fundamental right has been violated, the argument that he has been denied equal protection of the laws must be scrutinized under a rational basis standard of review. Westbrook v. City of Jackson, 665 So.2d 833, 838 (Miss.1995); see also Heller v. Doe, 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Under this standard of review, government entities' acts or policies are required to follow a rational means of achieving a legitimate government interest. Townsend v. Estate of Gilbert, 616 So.2d 333, 337 (Miss.1993). The rational relationship between the government's acts and policies and the fact that they serve a legitimate governmental interest is "not difficult to establish" since the rational relationship need only be "at least debatable." Metropolitan Life Ins. Co. v. Ward, 470 U.S. 869, 881, 105 S.Ct. 1676, 84 L.Ed.2d 751 (1985) (quoting Western & Southern Life Ins. Co. v. State Bd. of Equalization of California, 451 U.S. 648, 674, 101 S.Ct. 2070, 68 L.Ed.2d 514 (1981)). Furthermore, any legitimate interest in question need not be specified; state action will be upheld if there is any "conceivable basis which might support [the action]." Heller, 509 U.S. at 320, 113 S.Ct. 2637.
¶ 6. The parole board listed the following factors as the basis for the denial of Justus's parole: (1) serious nature of the offense, (2) number of offenses committed, (3) police and/or juvenile record, (4) prior felony convictions, (5) history of alcohol abuse, (6) psychological and/or psychiatric history, (7) institutional disciplinary reports, (8) failure to participate in or complete rehabilitative programs, (9) community opposition, (10) insufficient time served, (11) the board was of the opinion that the social, mental or educational resources are lacking which are necessary to function successfully on parole, (12) the board believes the ability and willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotated as amended, and (13) for the protection of children. All of the aforementioned factors relied on by the parole board in determining whether to grant or deny parole are areas which they have been given the authority to consider pursuant to Miss. Code Ann. Section 47-7-17 (Supp.1998), and therefore, these categories cannot be viewed as arbitrary and capricious. Additionally, the procedures and guidelines employed by the parole board further a legitimate State interest. The State would have the following interest: (1) appropriate punishment of criminals, and (2) the best interest of society i.e., the ultimate safety and protection of our communities from those individuals which have violated the laws of our state, or may have the tendency to violate the laws of our state. Justus contends that he is entitled to relief because he has been treated differently from similarly situated prisoners; however, no facts provided by Justus or the applicable case law show Justus is entitled to the relief sought.
¶ 7. Similar to the case at bar, in In Re Attorney General Mike Moore, 722 So.2d 465 (¶ 26) (Miss.1998), a prisoner argued that he was being singled out and treated differently from other inmates similarly situated. The Mississippi Supreme Court noted that under prior cases, constitutional standards require petitioner to show both *1280 that the passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose. Even if this Court were to assume that there was a discriminatory effect, Justus still fails to show that the actions of the parole board were motivated by a discriminatory purpose.
¶ 8. Moreover, it must be noted that the United States Supreme Court enumerated that the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). Even if Justus had presented statistics which might imply selective enforcement, which he did not, the United States Supreme Court has held that statistics implying a policy of selective enforcement alone are not enough. An individual must also prove that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore, grounds supporting a finding of a denial of equal protection were not alleged. Id.
¶ 9. Finally, relative to the absence of Justus at the parole hearing, Miss.Code Ann., Section 47-7-17 (Supp.1998) vests discretion with the parole board to determine whether an applicant for parole will appear before it for an interview. See also Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (5th Cir.1987). This Court finds that the arguments asserted by Justus are without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.