IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-60582
Conference Calendar

ANTHONY CARLOS GATES,

Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS PAROLE
BOARD; RUTH MOSLEY, Chairperson, Parole Board
at Mississippi Department of Corrections;
CORNELLA P. MASON; WALTER TOLBERT; STEVEN PUCKETT;
DEBRA WOODWARD; SALLY SPENCER, Mississippi Central
Correctional Facility; JUSTEN HALL, Mississippi
Central Correctional Facility; EMMITT SPARKMEN,
Warden, Mississippi Central Correctional Facility,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-125
- - - - - - - - - -
February 18, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Carlos Gates, Mississippi prisoner # 44498, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He argues that the Mississippi Parole Board violated his equal protection rights and state law when it denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him parole and denied him a psychological or psychiatric examination.

This court reviews a dismissal under § 1915(e)(2)(B)(ii) <u>de novo</u>, applying the same standard used to review a dismissal under Fed. R. Civ. P. 12(b)(6).  <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998).  The statutes creating parole in Mississippi confer "absolute discretion" on the Parole Board; thus, no liberty interest has been created, and federal due process rights are not implicated by procedures that deny parole.  <u>Scales v. Mississippi State Parole Bd.</u>, 831 F.2d 565, 565-66 (5th Cir. 1987).  As Gates's complaint fails to demonstrate a federal constitutional violation, <u>see</u> <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 308-09 (5th Cir. 1997), his appeal is without arguable merit, is frivolous, and is DISMISSED.  <u>See</u> 5th Cir. R. 42.2; <u>see</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).

The dismissal of his complaint for failure to state a claim by the district court and the dismissal of his appeal as frivolous each constitutes a "strike" under the "three-strikes" provision of 28 U.S.C. § 1915(g).  If Gates accumulates three "strikes" under § 1915(g), he will not be able to proceed <u>in forma pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.