# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CP-01128-SCT

*JARVIOUS COTTON, ANTHONY MILLER, SAMUEL PITCHFORD, HOWARD JENNINGS, CARL DAVID GRUBB, PLEZ CURRY, WILLIAM RANKIN, JOHNNY HEMPHILL, GLENN PERRY McWILLIAMS AND JAMES GLASCOW*

*v.*

*MISSISSIPPI PAROLE BOARD, DONALD B. POPE, KAREEM WEST, MORRIS SCOTT, MARILYN STARKS AND PATRICIA MILLER*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/10/2002 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JARVIOUS COTTON, PRO SE |
| ATTORNEYS FOR APPELLEES: | JANE L. MAPP |
| | JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED -11/20/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Mississippi inmates appeal the dismissal of their complaint against the Mississippi Parole Board and certain members which alleged that Parole Board members had abused their discretion in denying parole to these inmates. The inmates claim errors with regard to circuit court jurisdiction, Parole Board discretion, equal protection violations, and standing as to plaintiff Anthony Miller. Finding no error in the learned trial judge's ruling, we hold that the Circuit Court of Sunflower County, Mississippi, did not have jurisdiction

over this matter. Since we affirm as to the issue of lack of jurisdiction, we are not considering the two remaining issues for review, those being: (1) whether the Parole Board abused its discretion or violated the plaintiffs' rights to equal protection under the United States Constitution; and (2) whether plaintiff Anthony Miller had standing to participate in this action since he is not allegeable for a parole hearing until September 2003.

## FACTS AND PROCEEDINGS BELOW

¶2.    Plaintiffs Jarvious Cotton ("Cotton"), Carl David Grubb ("Grubb"), William Rankin ("Rankin"), Glenn Perry McWilliams ("McWilliams"), Howard Jennings ("Jennings"), Plez Curry ("Curry"), Johnny Lee Hemphill ("Hemphill"), James Glascow ("Glascow"), Samuel Pitchford ("Pitchford"), and Anthony Miller ("Miller") (collectively "Plaintiffs") are all inmates in the Mississippi State Penitentiary in Parchman, Mississippi. All were sentenced to life imprisonment with the possibility of parole, and some were sentenced to additional terms in prison for various other crimes to be served consecutively with their life terms. The various crimes for which the plaintiffs were convicted include murder, armed robbery, and aggravated assault.[1] The plaintiffs have already served anywhere from eight to twenty-four years of their sentences.

¶3.    All of the plaintiffs, except Miller, have been considered for parole and been denied parole by the Mississippi state Parole Board ("Parole Board"). Grubb and Glasgow have been considered for and denied parole two times. Cotton, Curry, and Rankin have been considered for and denied parole three times. McWilliams and Hemphill have been considered for and denied parole four times. Pitchford has been considered for and denied parole six times. Jennings has been considered and denied parole several

---

[1] The record does not reflect the specific crimes for which Grubb, Jennings, Curry, Glasgcow, Pitchford, and Miller were convicted. The record only indicates that all received a life sentence with parole eligibility.

times.[2]  In denying these inmates parole, the parole board justified their actions by listed the following factors:

(1)     The serious nature of the offense;

(2)     The number of offenses committed;

(3)     A police and/or juvenile record;

(4)     A history of violence;

(5)     Psychological or Psychiatric history;

(6)      A history of drug or alcohol abuse;

(7)     Crimes committed while incarcerated;

(8)     Institutional disciplinary reports;

(9)     A prior felony conviction;

(10)    Community Opposition;

(11)    Insufficient time served;

(12)    The board is of the opinion that social, mental, or educational resources are lacking which are necessary to function successfully on parole; and

(13)    The board believes that the ability or willingness to fulfill the obligation of a law abiding citizen is lacking, pursuant to Section 47-7-17 of the Miss. Code Ann., as amended.

Miller was not eligible for parole review until September of 2003.

¶4.     On November 14, 2001, the plaintiffs filed a complaint in the Circuit Court of Sunflower County, Mississippi.  The complaint claimed violations of the Eighth Amendment, Fourteenth Amendment, Miss. Code Ann. § 47-7-3, and Miss. Code Ann. § 47-7-17.  The complaint alleged that each plaintiff had

---

[2]  The record only states that Jennings has been denied parole "several times." The record does not state the specific amount of times McWilliams was considered for and denied parole.

been denied equal protection and subjected to cruel and unusual punishment by the Parole Board's repeated denial of parole. They argued that the factors utilized by the Parole Board were arbitrary and incapable of change, therefore effectively they were being denied the chance to even seek parole. The plaintiffs sought as relief (1) a declaratory judgment as to the unconstitutionality of the Parole Board's methods and practices; (2) a declaratory judgment as to the unconstitutionality of the factors used by the Parole Board in its determinations; (3) a declaratory judgment as to the Parole Board's abuse of discretion as to its implementation of the factors supplied in Miss. Code Ann. §§ 47-7-3, 47-7-5, & 47-7-17; (4) a declaratory judgment finding the Parole Board's determinations to be an abuse of discretion; (5) a declaratory judgment finding the Parole Board's determinations as to time served is an abuse of discretion; (6) a declaratory judgment finding the Parole Board's determinations regarding community opposition as a factor under Miss. Code Ann. § 47-7-17 is a violation of the Equal Protection Clause of the Fourteenth Amendment; (7) injunctive relief enjoining the Parole Board from repeatedly using the same factors with each hearing; (8) injunctive relief enjoining the Parole Board from repeatedly using community opposition as a factor at each hearing; (9) injunctive relief enjoining the Parole Board from repeatedly using their belief of unwillingness to become a law abiding citizen as a factor without providing evidentiary support for such conclusion; (10) injunctive relief enjoining the Parole Board from denying the plaintiffs parole while granting other similarly situated inmates parole; (11) an award of plaintiffs' costs and disbursements associated with this action; and (12) an award of any other equitable relief the court finds proper. The complaint asserts that jurisdiction is based on **Barrett v. Miller**, 599 So.2d 559 (Miss. 1992) and Article 3, Section 24 of the Mississippi Constitution. Venue was claimed to be based on Rules 57 and 65 of the Mississippi Rules of Civil Procedure.

4

¶5. On December 4, 2001, the Mississippi Parole Board, Donald B. Pope, Morris Scott, Marilyn Starks, Patricia Miller, and Kareem West ("Defendants") filed an answer which set forth affirmative defenses which included (1) lack of jurisdiction; (2) failure to state a claim upon which relief can be granted; and (3) Miller has no standing.

¶6. On December 19, 2001, the Circuit Court of Sunflower County issued an order dismissing plaintiffs' complaint with prejudice. The Court found that the Parole Board has exclusive authority to grant or deny parole under Miss. Code Ann. § 47-7-5 with absolute discretion. *See Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987). Each plaintiff, who is eligible for parole, has received all that is constitutionally mandated, that being a hearing. All plaintiffs were given a chance to present their reasons for parole and the Board, using statutory factors, determined all to be unentitled for parole at this time. He also found that Plaintiff Miller had no standing since he is not even eligible for parole. From this adverse ruling, the inmates now appeal.

## DISCUSSION

¶7. Questions of law are reviewed de novo. *Meeks v. State*, 781 So.2d 109, 111 (Miss. 2001) (quoting *Brown v. State*, 731 So.2d 595, 598 (Miss. 1999)).

### I. WHETHER THE CIRCUIT COURT HAD JURISDICTION OVER THIS MATTER.

¶8. The plaintiffs argue that jurisdiction in the Circuit Court of Sunflower County is proper since they are presently domiciled in Sunflower County at the Mississippi Department of Corrections in Parchman, Mississippi. They argue that the Parole Board is a state agency, therefore constitutional and abuse of discretion claims are proper in the circuit court of the plaintiffs' county of residence.

5

¶9.     The State argues that there are certain instances where a circuit court does have jurisdiction over matters such as these, but under the present circumstances the Circuit Court of Sunflower County lacked jurisdiction. The State argues, and the circuit court found, that the plaintiffs failed to state sufficient facts in their complaint to vest the circuit court with jurisdiction.

¶10.    There are two justifications for the circuit court's dismissal of this action based on lack of jurisdiction. First, statutorily the circuit court had no authority to adjudicate the matters presented. It is well settled that "[a] right of appeal is statutory." *Bickham v. Dep't of Mental Health*, 592 So.2d 96, 97-98 (Miss. 1991) (citations omitted). "A circuit court has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefore." *Id.* at 98. Since Title 47, Chapter 7 does not contain a statutory mandate granting circuit courts jurisdiction over appeals concerning the denial of parole, the circuit court was correct in dismissing the petition due, in part, to lack of jurisdiction.

¶11.    Second, although a constitutional challenge can justify the assertion of jurisdiction, under the present circumstances the plaintiffs failed to state a claim sufficient for the circuit court to assert jurisdiction. Although it is recognized that Mississippi courts have a duty to hear and adjudge cases concerning constitutional issues despite a statutory mandate, that duty only arises when certain criteria are met. *Barrett v. Miller*, 599 So.2d 559, 564 (Miss. 1992) (citing *Starnes v. City of Vardaman*, 580 So.2d 733, 737 (Miss. 1991); *City of Mound Bayou v. Johnson*, 562 So.2d 1212 (Miss. 1990); *Marx v. Truck Renting & Leasing Ass'n, Inc.,*, 520 So.2d 1333, 1346 (Miss. 1987)). The plaintiffs' complaint failed to adequately state a claim upon which the circuit court could assert jurisdiction. The complaint alleged the Parole Board had abused its discretion in violation of the Constitution. The complaint called for the circuit court to review the board's determinations. By statute, the Parole Board

is given "absolute discretion" to determine who is entitled to parole within the boundaries of factors set forth in Miss. Code Ann. § 47-7-3. *See* Miss. Code Ann. § 47-7-5; *Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987); *Shanks v. State*, 672 So.2d 1207, 1208 (Miss. 1996). Additionally, the Parole Board is the **only** determiner of parole. *Id.* Miss. Code Ann. § 47-7-5(3) states that "[t]he [parole] board shall have **exclusive** responsibility for the granting of parole as provided by Section 47-7-3 and 47-7-17." This control is independent of the circuit court's sentencing authority. *Mitchell v. State*, 561 So.2d 1037, 1039 (Miss.1990); *Haynes v. State*, 811 So.2d 283, 285 (Miss. Ct. App. 2001). For these reasons, the plaintiffs' complaint, which in essence requested the circuit court to determine parole eligibility, was properly dismissed as a claim for which the circuit court had no jurisdiction.

## II. WHETHER THE PAROLE BOARD ABUSED ITS DISCRETION OR VIOLATED THE PLAINTIFFS' RIGHT TO EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION.

## III. WHETHER PLAINTIFF ANTHONY MILLER LACKED STANDING TO BRING THIS ACTION.

¶12. Having found that the circuit court lacked jurisdiction to adjudicate the action, we need not address the merits of these issues.[3]

---

[3] For the record, we are not, as the concurring opinion asserts, holding that the circuit court lacks jurisdiction in all matters which touch upon parole. What we are holding is that in a situation such as this, where the inmates are appealing to the circuit court for a determination as to their parole eligibility, the circuit court lacks jurisdiction as it has no authority to determine parole eligibility. The inmates in the present action are not asking the circuit court to review whether the parole board is following their statutorily mandated duties and requirements regarding determining parole eligibility; but rather the inmates are requesting that the circuit court itself should weigh the factors used for parole eligibility and determine itself whether each inmate petitioner is entitled to parole. Again, our holding today does not preclude inmate appeals to the circuit court concerning a constitutional matter; but rather we are holding that under the present circumstances the circuit court lacks jurisdiction to adjudicate the merits of plaintiffs' claims that they are entitled to parole under the application of certain parole factors.

CONCLUSION

¶13.    The Circuit Court of Sunflower County did not have jurisdiction over this matter. For this reason, we need not address whether the Parole Board abused its discretion or violated the plaintiffs' rights to equal protection under the United States Constitution or whether Plaintiff Miller had standing to participate in this action. Therefore, we affirm the circuit court's judgment.

¶14.    **AFFIRMED.**

**SMITH, P.J., AND WALLER, J., CONCUR. CARLSON, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., CONCURS IN RESULT ONLY. COBB, J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND CARLSON, J. DIAZ AND EASLEY, JJ., NOT PARTICIPATING.**

**COBB, JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶15.    I agree that the trial judge's decision to dismiss this action was the right result. I write separately, however, in order to preclude possible misunderstanding caused by the holding in the trial court and in the majority opinion that the trial court has no jurisdiction in this matter.

¶16.    After a complete review of the record, which included the 39 page pro se complaint with 64 pages of attached exhibits, the circuit court judge dismissed with prejudice the action filed by Cotton and nine of his fellow inmates (hereafter "inmates"), stating: "this Court finds that the procedures followed by the Mississippi parole board in granting or denying parole **do not, in any way, violate Petitioners' constitutional rights and are not arbitrary**."(emphasis added). The judge then concluded that "[this Court] lacks jurisdiction over this matter." In his initial order, he stated "that each petitioner who is eligible for parole has received a parole hearing" and that "[a]t each parole hearing, the parole board

properly considered the criteria found in Section 47-7-47[4] [sic] of the Mississippi Code in making a determination to deny parole." He correctly cited *Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987) (in Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest) and correctly declared that the parole board had absolute discretion over parole matters and exclusive authority to grant or deny parole, pursuant to Miss. Code Ann. § 47-7-5 . In fact, the inmates had already conceded both these points of law in paragraph 3 of their complaint. However, *Scales* does not state that a circuit court lacks jurisdiction over **all** claims concerning parole.

¶17. Cotton and the other inmates subsequently filed a motion for relief from judgment pursuant to M.R.C.P. 60(b), claiming that *Scales* was erroneously used as the standard of law because the plaintiffs did not allege a due process or liberty interest, and the court failed to address a number of claims presented in their complaint, including, among others, violation of the equal protection provisions of the Fourteenth Amendment, and arbitrariness. The circuit judge considered the motion, and in his order he again acknowledged that the petitioners' complaint alleged that "they had been denied parole based on unconstitutional, arbitrary procedures exercised by the parole board." He then reiterated his earlier finding that the circuit court lacked jurisdiction over the actions of the parole board. However he also further addressed, albeit summarily, the allegations of the inmates, and again ruled that "the actions of the parole board did not in any way violate the constitutional rights of Petitioners" and "the parole board in each of the petitioners' parole hearings used the criteria accepted by the Mississippi Supreme Court and proscribed [sic] by Mississippi Law in determining to deny Petitioners' parole." Although the order did not specifically

---

[4] Miss. Code Ann. § 47-5-17 contains a partial listing of the criteria to be considered by the Parole Board.

address each of the inmates' claims, the court obviously responded to the inmates' claims, ruled summarily on the merits of the claims, and found no violations. In both orders the circuit court states that it lacks jurisdiction, but then discusses the merits. In the present case, the inmates clearly acknowledge state, on the second page of their complaint, that "[p]laintiffs know they have no Due Process rights to parole" and "no liberty interest in being released on parole." However, the inmates also allege, as acknowledged in the majority opinion, "errors with regard to circuit court jurisdiction,. . . equal protection violations, and standing as to plaintiff Anthony Miller." Maj. Op. at ¶ 1.

¶18.    The majority states at least five times that the circuit court did not have jurisdiction over this matter. In my view, either the circuit court has jurisdiction to decide the issues before it, or it does not. Since it summarily considered some of the issues and correctly ruled on their merits, how can it be said to "not have jurisdiction"? In my view, the judge correctly dismissed the inmates' complaint, but it should have been dismissed for failure to state a claim upon which relief can be granted. M.R.C.P. 12(b)(6). Although the inmates improperly sought relief under Rule 60(b), the Parole Board included "fail[ure] to state a claim for which relief can be granted" as one of its affirmative defenses.

¶19.    The majority gives two justifications for the circuit court's dismissal. First, the circuit court lacked statutory jurisdiction because Title 47, Chapter 7 of the Miss. Code does not contain a mandate granting the court jurisdiction over appeals concerning parole. Maj. Op. at ¶ 10. Second, the majority states that "although a constitutional challenge can justify the assertion of jurisdiction, under the present circumstances the plaintiffs failed to state a claim sufficient for the circuit court to assert jurisdiction." *Id*. ¶ 11. The majority goes on to find that our state courts have a duty to hear and adjudge cases concerning constitutional issues despite a statutory mandate, but then states that "that duty only arises when certain criteria are met." It offers, however, no criteria to be used in the present situation. In support of this

10

position, the majority cites four cases[5], all of which are 42 U.S.C. § 1983 cases, and none of which are on point. The inmates do, however, devote two paragraphs of their complaint to a general § 1983 allegation that the process and method used by the Parole Board to determine whether to grant or deny parole have deprived them of rights under the eighth and fourteenth amendments, and that they have no adequate remedy at law. The trial court did not address this claim.

¶20.    In my view, *Justus v. State*, 750 So.2d 1277 (Miss. Ct. App. 1999), arising out of very similar facts and circumstances, illustrates a practical approach and analysis. Justus was denied parole and filed a petition for a writ of habeas corpus, alleging that he was denied equal protection and due process when he was denied parole. *Id.* at 1278. The trial judge dismissed the claim, and the inmate appealed. *Id.* The Court of Appeals unanimously affirmed the trial court, but did not address *why* the trial court dismissed the case, nor did it address the jurisdiction of the trial court (though it did emphasize the discretion of the Parole Board). However, the trial court did address Justus's allegations of equal protection violations and ultimately found no merit in the equal protection claim. *Id*.

¶21.    The inmates in the case sub judice have also asserted an equal protection claim. While the majority states that certain constitutional challenges can justify the jurisdiction, it goes on to say that "under the present circumstances, the plaintiffs failed to state a claim 'sufficient' for the circuit court to assert

---

[5]*Barrett v. Miller,* 599 So. 2d 559 (Miss. 1992) (arising out of actions by law enforcement officers in the course of searching a home);

*Starnes v. City of Vardaman*, 580 So. 2d 733 (Miss. 1991) (action filed by a state inmate who was injured while on a work detail);

*City of Mound Bayou v. Johnson*, 562 So. 2d 1212 (Miss 1990) (action filed by an arrestee against the city and police officer for injuries at time of arrest);

*Marx v. Truck Renting & Leasing Ass'n, Inc.*, 520 So. 2d 1333 (Miss. 1987) (case brought in regard to state taxes on nonstate leased equipment).

jurisdiction" Maj. Op. ¶ 11. However, it gives no insight as to the point at which such sufficiency creates circuit court jurisdiction.

¶22. In my view, the circuit court had jurisdiction to decide the present case. Although the circuit court has no jurisdiction to review the Parole Board's determinations and decide whether they were correct, the circuit court does have jurisdiction to determine whether or not the Board acted arbitrarily or in contravention of equal protection. While the circuit court may not be able to *render* or *determine* parole decisions, the inmates incarcerated in Sunflower County should be able to seek the protection of constitutionally protected rights in the Circuit Court of Sunflower County.

¶23. In the case at bar, although finding it had no jurisdiction, the trial court did consider whether or not the process and decision of the board was arbitrary and concluded that the Board did not abuse its discretion. Though the trial court did not address the constitutional claims with specificity, it considered the entire record before it, and the constitutional issues were clearly set forth.

¶24. It is certainly not my intention to burden the Circuit Court of Sunflower County (or any county) by requiring it to spend precious time addressing meritless, bare-bones allegations of various constitutional violations in the myriad complaints filed by MDOC inmates. Apparently the circuit judge here felt that the inmates had provided sufficient specificity to at least respond to some of the allegations. To simply find that the circuit court lacks jurisdiction because the complaint involves a parole board decision, without more, could mislead other judges in similar situations to dismiss cases for lack of jurisdiction without even considering any of the allegations in the petitions before them. Here, the learned circuit judge used the right process and reached the right decision, but used somewhat inexact language. I would affirm the dismissal, but with a clearer statement of the applicable law.

**PITTMAN, C.J., AND CARLSON, J., JOIN THIS OPINION.**