919 So.2d 273 (2005)
Jessie JOHNSON, Appellant
v.
Patricia Kathryn MILLER, Marilyn Marie Starks, Kareen West, Fred D. Johnson and Morris Lee Scott, Appellees.
No. 2003-CP-02771-COA.
Court of Appeals of Mississippi.
June 28, 2005.
*274 Jessie Johnson, appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellees.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Jessie Johnson is serving a sentence of life in the Mississippi Department of Corrections for a homicide conviction. During his incarceration, he was convicted of aggravated assault and sentenced to an additional five years. Johnson has made several requests for parole, which the Mississippi Parole Board denied each time. In denying Johnson's requests for parole, the parole board relied on the same reasons each time, without conducting a hearing. The Sunflower County Circuit Court affirmed the parole board's decisions to deny parole without first conducting a *275 hearing. Johnson appeals to this Court, raising the following issues:
I. WHETHER THE TRIAL COURT ERRED IN APPLYING A POST-CONVICTION RELIEF STATUTE IN DENYING JOHNSON'S REQUEST FOR AN EVIDENTIARY HEARING
II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DETERMINE WHETHER THE DECISION TO DENY PAROLE WAS REASONABLE
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING PRIOR TO DISMISSING JOHNSON'S PETITION
IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER JOHNSON'S ASSERTION OF DISCRIMINATORY TREATMENT IN GRANTING PAROLE WARRANTED A HEARING
V. WHETHER THE TRIAL COURT ERRED IN FAILING TO REQUIRE THE PAROLE BOARD TO STATE A SPECIFIC REASON WHY JOHNSON'S PAROLE APPLICATION WAS REJECTED
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On February 22, 1983, Jessie Johnson was convicted of homicide and sentenced to life imprisonment. Two co-defendants were also convicted of homicide in the same case. Both of Johnson's co-defendants have been granted parole. While he was serving his life sentence, he committed the crime of aggravated assault. On February 13, 1996, he was given a concurrent five year sentence. Johnson has since maintained good behavior.
¶ 4. Johnson argues that he should be granted parole because he had maintained good behavior for the past seven years of his incarceration and has "demonstrated his rehabilitative efforts and desire to be release[d] into society and become a productive citizen." Johnson has received numerous recommendations from prominent members of his community recommending parole, including two ministers and the mayor of his hometown. Approximately 250 citizens in Johnson's hometown signed a petition supporting his parole. Johnson has made several requests for parole to the parole board, which denied his request for the same reasons each time, without conducting a hearing.
¶ 5. On July 22, 2003, Johnson filed a complaint in the Sunflower County Circuit Court styled "Petition for Writ of Habeas Corpus or for Order to Show Cause." In this petition, he requested that the parole board conduct an evidentiary hearing. The circuit court affirmed the parole board's decision to deny parole without conducting a hearing on the basis that prisoners have no constitutionally recognized interest in parole sufficient to trigger a due process entitlement.

I. WHETHER THE TRIAL COURT ERRED IN APPLYING A POST-CONVICTION RELIEF STATUTE IN DENYING JOHNSON'S REQUEST FOR AN EVIDENTIARY HEARING
¶ 6. Johnson argues that the circuit judge was in error for citing a post-conviction relief statute in dismissing Johnson's petition. The trial judge applied Mississippi Code Section 99-39-11(2) (Rev.2000), which states, "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Johnson argues that it was error for the circuit court judge to rely on this statute because Johnson does not contest the validity of his conviction or sentence.
*276 ¶ 7. The circuit judge did not dismiss Johnson's petition pursuant to the post-conviction relief act, but merely cited a post-conviction relief statute as justification for dismissing Johnson's petition. If the judgment of a trial court can be sustained for any reason, it must be affirmed. Patel v. Telerent Leasing Corp., 574 So.2d 3, 6 (Miss.1990) (citations omitted). In McBride v. Sparkman, 860 So.2d 1237, 1241 (¶ 10) (Miss.Ct.App.2003), this Court held that denying a habeas corpus petition without a hearing is proper if the petitioner is unable to cite any issues of fact requiring a hearing. See also Tubwell v. Anderson, 776 So.2d 654, 661-62 (¶ 23) (Miss.2000). Johnson does not claim that the parole board has misconstrued any facts but is seeking judicial review because he believes the parole board did not give sufficient weight to the factors he believes favor parole. Because the parole board has complete discretion to grant or deny parole, Johnson has failed to state a claim that would require an evidentiary hearing. See Scales v. Mississippi State Parole Bd., 831 F.2d 565, 566 (5th Cir.1987). This issue is without merit.

II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DETERMINE WHETHER THE DECISION TO DENY PAROLE WAS REASONABLE
¶ 8. Johnson argues that the trial court erred in not holding a hearing as to whether the decision to deny him parole was reasonable. Each time the parole board denies Johnson's request, the board uses a standardized form circling reasons it finds weigh against parole on a parole action sheet. Johnson maintains that the parole board should have provided a reasonable explanation as to why those factors apply to him.
¶ 9. The parole board denies Johnson of parole for the following reasons: (1) the serious nature of his offense; (2) the number of offenses Johnson has committed; (3) community opposition; (4) insufficient time served; and (5) the board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking pursuant to 47-4-17 of the Mississippi Code Annotated as amended. Johnson argues that there is no basis to deny parole on such grounds. He points out that he has the support of the community in which he would live, support from his family, a place of employment, a place to live upon being paroled, a "fairly decent" prison conduct record, and the potential never to commit another crime again. All the factors relied upon by the parole board in deciding to deny Johnson's parole are areas in which it has authority to consider pursuant to Miss.Code Ann. § 47-7-17 (Rev.2004) and therefore, these categories cannot be viewed as arbitrary and capricious. Justus v. State, 750 So.2d 1277, 1279 (¶ 6) (Miss.Ct.App.1999).
¶ 10. Johnson's complaint filed with the circuit court for a review of the parole board's determinations was properly dismissed because the circuit court does not have the jurisdiction to grant or deny parole. "The Parole Board is the only determiner of parole." Cotton v. Mississippi Parole Bd., 863 So.2d 917, 921 (¶ 21) (Miss.2003). This issue is without merit.

III. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING PRIOR TO DISMISSING JOHNSON'S PETITION
¶ 11. Johnson argues that, because his petition is styled as a habeas corpus petition, a hearing is required. To support his argument, Johnson cites Carson v. Hargett, 689 So.2d 753, 755 (Miss.1996). The supreme court in that case stated, "The purpose of the writ of habeas corpus is to give a person restrained of his liberty *277 an immediate hearing so that it can be determined whether that person is being deprived of his constitutional rights, such as the right to due process of law."
¶ 12. The Mississippi legislature has defined the cases to which the habeas corpus writ extends. "The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted." Miss.Code Ann. § 11-43-1 (Rev.2002). Johnson does not argue that he is being illegally confined, detained, or deprived of his liberty. He merely argues that the parole board failed to give him a meaningful parole hearing. In Mississippi, prisoners have "no constitutionally recognized liberty interest in parole." Vice v. State, 679 So.2d 205, 208 (Miss.1996). Because Johnson's petition is merely a request for parole, his petition is not a writ of habeas corpus. This issue is without merit.

IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER JOHNSON'S ASSERTION OF DISCRIMINATORY TREATMENT IN GRANTING PAROLE WARRANTED A HEARING
¶ 13. Johnson argues that he was entitled to a hearing because the two co-defendants who were convicted of homicide for the same crime were paroled. Johnson alleges that the parole board's decision to deny him parole amounts to discriminatory treatment.
¶ 14. Johnson does not allege that he is a member of a suspect class or that a fundamental right was violated. Therefore, the parole board's actions are subject to a rational basis standard of review. Justus, 750 So.2d at 1279 (¶ 5). Under this standard of review, government entities' acts or policies are required to follow a rational means of achieving a legitimate government interest. Id. (citing Townsend v. Estate of Gilbert, 616 So.2d 333, 337 (Miss.1993)). "State action will be upheld if there is any `conceivable basis which might support [the action].'" Id. (quoting Heller v. Doe by Doe, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)).
¶ 15. In considering whether an inmate should be granted parole, the parole board examines each individual inmate's case and should consider:
All pertinent information regarding each offender ... including the circumstances of his offense, his previous social history, his previous criminal record, including any records of law enforcement agencies or of a youth court regarding that offender's juvenile criminal history, his conduct, employment and attitude while in the custody of the department, and the reports of such physical and mental examinations as have been made.
Miss.Code Ann. 47-7-15 (Rev.2004). Clearly, Johnson's prison conduct record is not identical to the prison conduct records of the other two co-defendants. Johnson committed a violent felony after having been convicted of homicide. The parole board has discretion to grant or deny parole for each individual, and its decision to deny parole to Johnson while granting parole to the co-defendants satisfies the rational basis standard of review.

V. WHETHER THE TRIAL COURT ERRED IN FAILING TO REQUIRE THE PAROLE BOARD TO STATE A SPECIFIC REASON WHY JOHNSON'S PAROLE APPLICATION WAS REJECTED
¶ 16. Johnson argues that the trial court erred in not requiring the parole board to state specific reasons why he was denied parole rather than repeat the same reasons each time.
*278 ¶ 17. In Cotton, 863 So.2d at 919 (¶¶ 3-4), the inmates argued that they were subjected to cruel and inhuman treatment because of the parole board's repeated denial of parole. The Mississippi Supreme Court held that the inmates had received all that was constitutionally required. The inmates "were given a chance to present their reasons for parole and the Board, using statutory factors, determined all [inmates] to be unentitled for parole at [that] time." Id. at 920 (¶ 6). In the case sub judice, the parole board had knowledge of Johnson's behavior as an inmate and had knowledge of the letters of recommendation submitted on Johnson's behalf. After weighing the statutory factors, the board determined that Johnson was not eligible for parole at that time. The parole board was not required to be more specific in its denial of parole or require an evidentiary hearing.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.