942 So.2d 203 (2006)
Albert EDMOND, Appellant
v.
Patricia MILLER and Mississippi Parole Board, Appellee.
No. 2005-CP-00549-COA.
Court of Appeals of Mississippi.
March 21, 2006.
Rehearing Denied August 1, 2006.
Albert Edmond, Appellant, pro se.
*204 Office of the Attorney General by James M. Norris, Jane L. Mapp, attorneys for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Albert Edmond was found guilty of rape in 1974 and sentenced to life in the custody of the Mississippi Department of Corrections. Edmond was paroled in July 1982; however, in August 1982, Edmond's parole was revoked, and Edmond was returned to the custody of the MDOC to serve the remainder of his life sentence. Since his return, Edmond has sought parole numerous times, and the parole board has denied his requests.
¶ 2. In 2004, Edmond filed a complaint seeking a writ of mandamus from the Circuit Court of Sunflower County, naming the Mississippi Parole Board and Patricia Miller, the board's chair, as defendants. Edmond alleged that the parole board has repeatedly denied his rights to due process and equal protection in failing to order a psychiatric evaluation prior to each of Edmond's parole consideration hearings. The trial court denied the motion and dismissed the petition for failure to state a claim on which relief may be granted.
¶ 3. It is from this ruling that Edmond appeals, arguing the following assignments of error: (1) Mississippi law requires such a psychiatric evaluation be given to sex offenders prior to their parole consideration hearing; (2) as he has been denied such an evaluation, he has also been denied due process; and (3) that Mississippi Code Annotated Section 47-7-27 (Rev. 2004) is unconstitutionally vague and ambiguous and that it discriminates against him as an inmate sentenced to life in prison.
¶ 4. Finding no merit to these issues, we affirm.
I. DID THE TRIAL COURT ERR IN DISMISSING EDMOND'S PETITION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED?
II. WAS EDMOND DENIED DUE PROCESS AS A RESULT OF THE PAROLE BOARD'S FAILURE TO ORDER A PSYCHIATRIC EVALUATION?
¶ 5. For the sake of judicial economy, issues I and II will be addressed together.
¶ 6. At the time Edmond was convicted of rape, Mississippi Code Annotated Section 47-7-3 (1972) provided in pertinent part as follows:
Parole of Prisonersconditions.
Every prisoner who has been, or may hereafter be convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi State Penitentiary, for a definite term, or terms, of one year or over, or for the term of his natural life . . . may be released on parole as hereinafter provided, except that:
. . .
(b) Any person who shall have been convicted of a sex crime, and is otherwise eligible for parole, shall not be released on parole until after he has been examined by a competent psychiatrist selected by the state probation and parole board and found to be of normal and sound mind.
¶ 7. Although this section was later repealed, it was effective at the time Edmond was convicted, and, therefore, it applies.
*205 ¶ 8. Mississippi Code Annotated Section 47-7-3 (Supp.2005), in conjunction with Section 47-7-17 (Rev.2004), places matters of parole within the discretion of the Parole Board. Vice v. State, 679 So.2d 205, 208 (Miss.1996). In Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme Court held that the mere maintenance of a state parole system does not confer a protected liberty interest in parole; however, a protected liberty interest exists where state law provides that upon the meeting of one or more objective conditions a prisoner becomes entitled to parole. Harden v. State, 547 So.2d 1150, 1150 (Miss.1989). Because Section 47-7-3 and Section 47-7-17 use the permissive "may" and not the mandatory "shall," our supreme court has held that the statutes do not confer a "constitutionally recognized liberty interest" in parole. Id. at 1152.
¶ 9. In denying Edmond parole in 1999, the Parole Board cited Edmond's psychological and/or psychiatric history; this factor was indicated along with nine other factors, including the serious nature of Edmond's offense, his prior parole violation, community opposition, and his history of drug and/or alcohol abuse. From this, Edmond gleans that he is entitled to a psychiatric examination, and such a denial denies him due process of law.
¶ 10. "Whether any procedural protections are due depends on the extent to which an individual will be `condemned to suffer grievous loss.'" Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (quoting Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 168, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring)) (quoted in Goldberg v. Kelly, 397 U.S. 254, 263, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)). "The question is not merely the `weight' of the individual's interest, but whether the nature of the interest is one within the contemplation of the `liberty or property' language of the Fourteenth Amendment." Id. (quoting Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). If due process applies, we must next determine what process is actually due Edmond, keeping in mind that "due process is flexible and calls for such procedural protections as the particular situation demands." Id.
¶ 11. We do not agree that Edmond has a liberty interest in a psychiatric examination prior to the Parole Board's finding that he is otherwise eligible for parole. Contrary to Edmond's assertion, Section 47-7-3(b) does not grant Edmond the right to a psychiatric evaluation prior to his parole consideration hearings. The language of the statute is clear: an inmate must otherwise be eligible for parole before he is entitled to a psychiatric evaluation to determine if he is of sound mind.
¶ 12. As an offender who previously had his parole revoked, Edmond falls under the dictates of Mississippi Code Annotated Section 47-7-27 (Rev.2004), which provides, in pertinent part, as follows:
In the event that the board shall revoke parole, the offender shall serve the remainder of the sentence originally imposed unless at a later date the board shall think it expedient to grant the offender a second parole. In case a second parole shall not be granted, then the offender shall serve the remainder of the sentence originally imposed, and the time the offender was out on parole shall not be taken into account to diminish the time for which he was sentenced.
¶ 13. As an offender who previously had his parole revoked, Edmond's eligibility for a second parole was subject to the Parole Board's discretion. Thus, Edmond is only entitled to a psychological evaluation if the Parole Board exercised its discretion *206 to grant him a second parole. Only then does the Parole Board's decision to release him become contingent on a psychiatric evaluation establishing that he is of sound mind. Edmond's argument is without merit.
III. IS MISSISSIPPI CODE ANNOTATED SECTION 47-7-27 UNCONSTITUTIONALLY VAGUE AND AMBIGUOUS AND DOES SAID SECTION DISCRIMINATE AGAINST EDMOND?
¶ 14. "A statute is not unconstitutionally void for vagueness when an ordinary person of common intelligence upon reading it could understand what was allowed and what was not." Secretary of State v. Wiesenberg, 633 So.2d 983, 996 (Miss.1994). We disagree with Edmond's contention that Section 47-7-27 is vague. To the contrary, the language of the statute is quite clear and leaves nothing to the imagination. This argument is without merit.
¶ 15. Edmond does not argue that he is a member of a suspect class or that a fundamental right has been violated; therefore, we apply the rational basis standard of review to Edmond's claim that he has been denied equal protection under the law. Justus v. State, 750 So.2d 1277, 1279(¶ 5) (Miss.Ct.App.1999). Under this standard of review, the government entity's acts or policies are required to follow a rational means of achieving a legitimate government interest. Id. Such a relationship between the government's acts and policies and the fact that they serve a legitimate governmental interest is "not difficult to establish" since the rational relationship need only be "at least debatable." Id. (quoting Metropolitan Life Ins. Co. v. Ward, 470 U.S. 869, 881, 105 S.Ct. 1676, 84 L.Ed.2d 751 (1985)).
¶ 16. The Parole Board denied Edmond parole a number of times, and the record contains three documents delineating reasons for the denial. These reasons include the severity of Edmond's crime, his prior misdemeanor convictions, his history of drug and alcohol abuse, community opposition to his release, an insufficiency of time served, institutional/disciplinary reports, recent/pending disciplinary actions, his prior parole revocation, and that the Board believed that Edmond lacked the willingness to fulfill the obligations of a law-abiding citizen pursuant to Section 47-7-17. Each of these factors may be considered by the Parole Board pursuant to Section 47-7-17; therefore, these considerations cannot be considered arbitrary or capricious. Justus, 750 So.2d at 1279(¶ 6). The State naturally has an interest in protecting members of society from dangerous criminals and in punishing criminals for failing to abide by the law. Clearly, a rational relationship exists between the Parole Board's discretion and the State's interests.
¶ 17. We find no merit to Edmond's argument that the Parole Board's discretion to deny him parole denies him equal protection. This argument is without merit.
¶ 18. Edmond also argues that he is entitled to review his Parole Board file, but we disagree. "Before ruling on the application for parole of any offender, the board may have the offender appear before it and interview him." Miss.Code Ann. § 47-7-17 (Rev.2004) (emphasis added); see also Justus, 750 So.2d at 1280(¶ 9). If the Parole Board is under no obligation to have the offender present at his parole hearing, it logically follows that the Board is under no obligation to disclose its file to the offender. This argument is without merit.
*207 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.