IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60635
Summary Calendar
_____

JAMES T. REED,

                                        Plaintiff-Appellant,

versus

RUTH S. MOSLEY; MIKE MOORE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-138-LN
--------------------

September 2, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

    James T. Reed, Mississippi prisoner # 08798, argues that the

district court erred in dismissing his 42 U.S.C. § 1983

complaint, in which he challenged his denial of parole by the

Mississippi Parole Board (the Board) as arbitrary and capricious.

Because Reed's challenges, if upheld, will enhance his

eligibility for early release but will not entitle him to an

immediate parole, the challenge within a § 1983 lawsuit is

proper.  Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Reed asserts that MISS CODE ANN. § 47-7-17 creates a protected liberty interest in parole for Mississippi prisoners because it contains similar mandatory language to that upheld by the Supreme Court in Board of Pardons v. Allen, 482 U.S. 369 (1987). This court has held that the use of the conditional word "may" in MISS. CODE ANN. § 47-7-3 vests absolute discretion in the Board regarding parole and bars a finding of a protected liberty interest. See Scales v. Mississippi State Parole Bd., 831 F.2d 565, 566 (5th Cir. 1987). The Mississippi Supreme Court has ruled that the statutes governing parole must be read together in a statutory scheme. Harden, 547 So. 2d at 1152. This court cited Harden favorably for the contention that the Mississippi statutes do not create a protected liberty interest in parole for a state prisoner. See Hunter v. Murphy, No. 92-7747 (5th Cir. March 31, 1993).** The language of § 47-7-17, when read as part of the parole statutory scheme, does not carry the same mandatory intent as the same language used in Allen.

Reed also contends that the district court erred because the cases relied upon by the district court in dismissing his lawsuit did not speak to the merits of his substantive due process claims. "The protections of the Due Process Clause are . . . invoked [only] when the State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997). Because Reed did not have a protected liberty

---

** Hunter is an 1993 unpublished opinion which has precedential value under 5TH CIR. R. 47.5.3.

interest in parole, he could not contend that the Board's parole procedures violated his due process rights. Therefore, the decision of the district court is AFFIRMED.

Reed has also filed a motion for leave to file a supplemental brief. Because he has not identified any legal developments in his motion that could not have been brought forth in his original brief, the motion is DENIED.

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF DENIED.