United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60384
Conference Calendar
_____

JERRY C. ETHERIDGE,

                              Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS
VOTEC SCHOOLS; MISSISSIPPI STATE PAROLE
BOARD; PEARL RIVER CIRCUIT COURT JUDGE;
PEARL RIVER CIRCUIT COURT DISTRICT ATTORNEY;
PEARL RIVER CIRCUIT COURT CLERK,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-153-P-A
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jerry Etheridge, Mississippi prisoner # 83931, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint

under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  He contends

that the Mississippi State Parole Board denied him parole without

having copies of his vocational diplomas or judgments showing

that various criminal charges against him had been dismissed.  He

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

also asserted that the Pearl River County Circuit Court had breached a contractual obligation to turn over the criminal judgments. He does not repeat in his brief an assertion, made in the district court, that he was denied equal protection by the failure to obtain this information, and this issue is deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.3d 744, 748 (5th Cir. 1987).

To the extent that Etheridge is asserting that the defendants violated state law, such a claim is not cognizable under 42 U.S.C. § 1983. See Williams v. Treen, 671 F.2d 892, 900 (5th Cir. 1982). Etheridge's challenges to the denial of parole and the lack of information in his parole file are not cognizable. Mississippi law does not create an expectation of release on parole, and Etheridge does not have a constitutional right to release. See Scales v. Mississippi State Parole Bd., 831 F.2d 565, 565-66 (5th Cir. 1987); see also Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997).

Etheridge's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS Etheridge's appeal as frivolous. See 5TH CIR. R. 42.2. This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous constitute two strikes for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If Etheridge obtains three "strikes," he will not be able to proceed

*in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED.