United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50064
Summary Calendar
_____

JASON M. BRESHEARS,

Plaintiff-Appellant,

versus

GERALD GARRETT; PADDY BURWELL; ALVIN SHAW;
RISSIE OWENS; JUANITA GONZALEZ,

Defendants-Appellees.

---------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-356
---------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Jason M. Breshears, a Texas prisoner (# 635072) serving a

30-year sentence for aggravated sexual assault with a weapon,

appeals the dismissal of his 42 U.S.C. § 1983 civil rights suit

as frivolous and for failure to state a claim, pursuant to 28

U.S.C. § 1915A(b), and the granting of two defendants' motion for

summary judgment, FED. R. CIV. P. 56.  Breshears asserted in his

complaint that the defendants, members of the Texas Board of

Pardons and Paroles ("Board"), had violated his rights under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Due Process, Ex Post Facto, and Equal Protection Clauses by retroactively applying to him and other sex offenders a September 1, 1995 change in state parole procedure, which required that sex offenders receive 12 votes from a specially-convened 18-member Board panel in order to be granted release on parole. He alleged that, prior to that date, such offenders had needed to receive only two favorable votes from a standard three-member panel in order to be granted parole. Breshears has admittedly filed a 28 U.S.C. § 2254 habeas petition raising these identical claims, his appeal of the denial of which remains pending before this court.

Without addressing any evidentiary materials, the district court concluded that Breshears's constitutional claims were frivolous and that he had failed to state a claim, because Texas prisoners had "no constitutionally protected right to parole or a parole hearing." Insofar as Breshears was raising a due-process claim, this conclusion was correct. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995). Breshears also failed to state a cognizable equal-protection claim because he had not shown that sex offenders were a suspect class or that they had been denied a fundamental right, see Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998), and subjecting such offenders to different parole procedures is reasonably related to a legitimate penological interest. See, e.g., Finley v. Staton, 542 F.2d 250, 250 (5th Cir. 1976). Accordingly, we AFFIRM the district court's dismissal of Breshears's due-process and equal-protection claims

as frivolous and for failure to state a claim.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

The district court's determination that Breshears's ex post facto claim was frivolous, on the ground that Texas prisoners had no "constitutionally protected" right to parole, was erroneous. The viability of an ex post facto claim is not dependent on the existence of a "vested" constitutional right.  See Orellana, 65 F.3d at 32 (citing Weaver v. Graham, 450 U.S. 24, 29-30 (1981)). Moreover, Breshears's habeas appeal is being held pending a decision in other cases, and, in one of those cases, a certificate of appealability ("COA") has been granted with respect to a nearly identical ex post facto claim.  Even if it assumed arguendo that Breshears's ex post facto claim is nonfrivolous, however, we conclude that it is barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), because the granting of relief would necessarily imply the invalidity of the parole decisions Breshears challenges in this civil rights action.  See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). Accordingly, we AFFIRM the dismissal but without prejudice of Breshears's ex post facto claim on the alternative ground that such claim has not yet accrued under Heck.  See Castellano v. Fragozo, 352 F.3d 939, 959-60 (5th Cir. 2003), cert. denied, 125 S. Ct. 31 (2004); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 541 (5th Cir. 2003).

AFFIRMED.