**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 10, 2012

Lyle W. Cayce
Clerk

No. 11-60544
Summary Calendar

JEROME PETE SMITH,

Plaintiff-Appellant

v.

MISSISSIPPI PAROLE BOARD,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:11-CV-11

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Jerome Pete Smith, Mississippi prisoner # 82058, filed the instant 42 U.S.C. § 1983 complaint to challenge, as a violation of due process, the Mississippi Parole Board's (the Board's) denying him parole and the procedures the Board followed in doing so. He also asserted an equal protection violation.

Smith's notice of appeal was not timely to appeal the district court's dismissal of his § 1983 complaint for failure to state a claim upon which relief could be granted. *See* FED. R. APP. P. 4(a)(1)(A); *Bowles v. Russell*, 551 U.S. 205,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

214 (2007). However, the notice of appeal was timely to appeal the district court's denial of his FED. R. CIV. P. 60(b) motion for reconsideration, in which he argued that Mississippi's parole statute creates a liberty interest protected under the Fifth and Fourteenth Amendments.

"[T]he denial of a Rule 60(b) motion does not bring up the underlying judgment for review." *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984). Therefore, this court's review "is limited to whether the District Court abused its discretion in denying the Rule 60(b) motion." *Id.*; *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). "It is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so *unwarranted* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

Smith reurges his argument that the Mississippi parole statute creates a liberty interest protected by the Fifth and Fourteenth Amendments and that he was denied due process in the Board's proceedings leading to denial of parole. He also asserts an equal protection argument.

A prisoner's liberty interest in parole is defined by state statute. *See Board of Pardons v. Allen*, 482 U.S. 369, 371 (1987). In Mississippi, the statutes creating parole confer absolute discretion on the Parole Board. *See* MISS. CODE ANN. §§ 47-7-3, 47-7-17; *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 565-66 (5th Cir. 1987). The Mississippi statutes do not create a liberty interest, and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied. *See* MISS. CODE ANN. §§ 47-7-3, 47-7-17; *Scales*, 831 F.2d at 565-66; *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Smith's challenges to the Board's procedures and its decision are without merit.

Smith argues that his equal protection rights were violated when the Board revoked his classification status without affording him the same kind of

hearing allegedly given to other participants.  Smith did not raise his equal protection claim in his Rule 60(b) motion, and the district court's rejection of that claim is thus not part of the instant appeal.  *See Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

AFFIRMED.