# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60348

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2014

Lyle W. Cayce
Clerk

JEFFERY WAYNE WANSLEY,

Petitioner–Appellee

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; EMMITT SPARKMAN,

Respondents–Appellants

Appeal from the United States District Court
for the Southern District of Mississippi

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

The Mississippi Department of Corrections denied Jeffery Wayne Wansley a parole hearing based on its view that he received an "enhanced penalty," which renders a prisoner ineligible for parole in Mississippi. In seeking federal habeas corpus relief, Wansley argues that his sentence was not enhanced, and that the denial of a hearing violated state law and therefore deprived him of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. The district court granted his petition, ordering a parole hearing. On appeal, Respondents argue that the discretionary nature of Mississippi's parole regime means there is no liberty interest that gives rise to a federal constitutional issue.

No. 13-60348

## I.

In 1999, Wansley was convicted of selling cocaine within 1,500 feet of a church in Mississippi state court. When Wansley was charged and convicted, the maximum sentence for selling cocaine was 30 years. Miss. Code Ann. § 41-29-139(b) (1999). That maximum sentence could be doubled, "in the discretion of the court," if the sale took place within 1,500 feet of a church. Miss. Code Ann. § 41-29-142(1). Although his conviction could have subjected him to a 60-year sentence, Wansley received 30 years.[1]

In Mississippi, prisoners convicted of "felonies with enhanced penalties" are not eligible for parole. Miss. Code Ann. § 47-7-3(g) (2008).[2] At least twice in 2009, the Mississippi Department of Corrections (MDOC) printed "inmate time sheets" indicating that Wansley was eligible for parole. However, on July 29, 2009, MDOC printed a time sheet showing that Wansley had received an enhanced penalty and that he did not qualify for parole.[3]

Wansley sought relief through MDOC's Administrative Remedy Program. He argued that since his 30-year sentence did not exceed the statutory maximum for selling cocaine absent the enhancement, MDOC had erred in finding that he received an enhanced sentence. MDOC responded that Wansley was ineligible because, regardless of the sentence he received, a jury found him guilty of selling cocaine within 1,500 feet of a church. The record

---

[1] At oral argument, Respondents' attorney stated that although Wansley is ineligible for parole, "for every thirty days he serves he gets a thirty day credit on his sentence," and that his expected date of release as of oral argument was in 2017, with that release date becoming earlier if he continues to receive the two-for-one credit.

[2] The relevant provision is now contained in section 47-7-3(f) of the Mississippi Code.

[3] Respondents contend that the revised time sheet was the result of changes to MDOC's computer system that allowed it to account for prisoners' "enhanced status" after changes in state law allowed certain prisoners serving non-enhanced sentences to become eligible for parole.

2

does not reveal whether Wansley proceeded beyond the first step of the program.

Wansley then filed a "motion for clarification" in the Mississippi Supreme Court, requesting that the court "clarify this sentence discrepancy." The court denied his motion, stating only that it was "not well taken." Wansley then filed a similar motion in Mississippi trial court; it was denied on the ground that the court lacked jurisdiction to consider a petition for postconviction relief without the Mississippi Supreme Court's approval.

Wansley then filed a *pro se* habeas corpus petition in federal court, claiming that he was eligible for parole under Mississippi law. Respondents moved to dismiss because (1) Wansley's claim did not allege a violation of federal law cognizable in federal habeas corpus review, and (2) Wansley's sentence was enhanced by virtue of his conviction of selling cocaine within 1,500 feet of a church.

The district court appointed counsel to represent Wansley. His subsequent briefs argued that, by denying him a parole hearing to which he was entitled under Mississippi law, MDOC deprived him of a liberty interest in violation of the Due Process Clause.

The magistrate judge recommended ruling against Wansley, finding that Mississippi law did not create a liberty interest in parole that implicated due process protections and, in the alternative, that the denial of relief by the Mississippi Supreme Court was not unreasonable. The district court did not adopt the magistrate judge's recommendation. Instead, it first determined that Wansley had exhausted his remedies by "fairly present[ing] his issue to the Mississippi Supreme Court." It then addressed Wansley's eligibility for a parole hearing under Mississippi law. Citing a Mississippi Court of Appeals decision, *see Pearson v. State*, 64 So. 3d 569, 577 (Miss. Ct. App. 2011), the district court concluded that because the sentencing judge in Wansley's case

No. 13-60348

had declined to exceed the nonenhanced statutory maximum, Wansley had not received an enhanced sentence and was therefore eligible for a parole hearing.

The district court then turned to the constitutional issues. Acknowledging that Mississippi law does not create a constitutionally protected liberty interest in parole itself because parole is discretionary, it held that Wansley nonetheless had a constitutional right to a parole *hearing*. Relying on *Hicks v. Oklahoma*, 447 U.S. 343 (1980), it found that Wansley "has a liberty interest in having MDOC compute his sentence in accordance with the sentencing authority's exercise of discretion," and that he was deprived of that liberty interest when he was denied a hearing. It also suggested that Wansley has a right, under the Equal Protection Clause, to have his sentence computed in the same way as similarly situated prisoners, although it appears not to have conclusively determined whether this right was violated.[4] The district court thus granted the petition and ordered a parole hearing. This court stayed the order pending appeal.

## II.

A federal court may issue a writ of habeas corpus only if a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for federal habeas corpus relief based on an argument that state courts are incorrectly applying their own law thus is not a basis for relief.[5] *See Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) ("[T]he proper interpretation of state law is *not* cognizable in federal

---

[4] The district court only observed that "*[i]f* other inmates with non-enhanced sentences were deemed eligible for parole, . . . Wansley *will not have been* treated equally under the law," and noted that one offender on MDOC's website in a situation like Wansley's appeared to have been released on parole.

[5] We consider the merits of Wansley's constitutional claim even though we have doubts that the federal claims were exhausted because Respondents have waived the exhaustion defense. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984).

habeas proceedings."). State laws, however, may create liberty interests protected by the Due Process Clause. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460–61 (1989). In those situations, federal due process law sets the minimum procedures that are required before the state can deprive a person of that liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). When a state has a system of mandatory parole, such a liberty interest exists that implicates the procedural guarantees of the Due Process Clause. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373–74 (1987).

Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole. *See* Miss. Code Ann. §§ 47-7-3, 47-7-17; *Smith v. Mississippi Parole Bd.*, 478 F. App'x 97, 99 (5th Cir. 2012); *Irving v. Thigpen*, 732 F.2d 1215, 1217 (5th Cir. 1984). Wansley recognizes this, and argues instead that Mississippi law creates a liberty interest in a parole *hearing*.

But "an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *See Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983); *accord Ladd v. Stephens*, 748 F.3d 637, 644 (5th Cir. 2014) (holding that it is "where there is 'a significant substantive liberty interest [at stake]'" that a state law "entitles the petitioner to a set of core procedural due process protections"); *Elliott v. Martinez*, 675 F.3d 1241, 1245 (10th Cir. 2012) (noting, regarding the Due Process Clause, that "the protected interests are substantive rights, not rights to procedure"). We may only question states' procedures when they are "fundamentally inadequate to vindicate [a] substantive right[]." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009).

Accordingly, when a prisoner "has no liberty interest in obtaining parole . . . he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *see also*

No. 13-60348

*Breshears v. Garrett*, 143 F. App'x 570, 572 (5th Cir. 2005) (affirming district court's dismissal of claim as frivolous because "Texas prisoners had 'no constitutionally protected right to parole or a parole hearing'"). This is consistent with the way our sister circuits have addressed claims from state prisoners seeking to establish a constitutional right to a parole hearing when there is no state-created liberty interest in parole itself. *See, e.g.*, *Utley v. Rose*, 201 F.3d 442, 1999 WL 1252880, at \*1 (6th Cir. 1999) (unpublished table decision) ("Since Utley has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a due process claim based upon the denial of a parole hearing."); *Brandon v. D.C. Bd. of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987) ("Appellant's claim that he has a constitutionally protected liberty interest in a reparole hearing and thus a due process right to have the Board adhere to its regulations lacks support in law or logic."); *Shango v. Jurich*, 681 F.2d 1091, 1101 (7th Cir. 1982) ("If a right to a hearing is a liberty interest, and if due process accords the right to a hearing, then one has interpreted the Fourteenth Amendment to mean that the state may not deprive a person of a hearing without providing him with a hearing. Reductio ad absurdum."). The absence of a federal issue in Wansley's situation is revealed by the following incongruity that would result from granting his petition: state law would serve as the source of both the liberty interest and the process due (that is, the parole hearing which is required under Wansley's reading of state law). The latter, however should be a matter of federal law once a state-created liberty interest is at stake.

*Hicks v. Oklahoma*, on which the district court relied, does not establish that there is a liberty interest in a parole hearing. That case involved the question of what the Due Process Clause required after a defendant was sentenced pursuant to a 40-year mandatory sentencing statute later held to be

unconstitutional.   447 U.S. at 345.   A 40-year sentence, or sentence of any length for that matter, undoubtedly implicates a defendant's liberty interest—one that arises from the federal constitution itself without recourse to the "state-created liberty interest" inquiry.   *Hicks* was therefore only concerned with the second step of what process is due once a liberty interest is implicated.

Whether or not Wansley is entitled to a parole hearing as a matter of Mississippi law, the discretionary nature of the state's parole system ends the federal due process inquiry.[6]  Any relief he is entitled to under Mississippi law must be obtained in the courts of that state.   We therefore REVERSE the judgment of the district court and DISMISS Wansley's petition.

---

[6] Although the district court noted the possibility that Wansley may have an equal protection claim, it does not appear to have been the basis for its ruling and Wansley does not press the argument on appeal.