# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01724-SCT

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

*v.*

*BENJAMIN COOK*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/13/2015 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY LOUIS SCHMIDT, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DARRELL CLAYTON BAUGHN |
| ATTORNEY FOR APPELLEE: | BENJAMIN M. COOK (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 02/09/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., COLEMAN AND MAXWELL, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    The Circuit Court of Sunflower County directed the Mississippi Department of Corrections to issue Benjamin Cook (pro se) a parole case plan under Mississippi Code Section 47-7-3.1(1), which went into effect on July 1, 2014.  The Department of Corrections appeals, arguing that Cook is not entitled to a parole case plan because he was convicted and sentenced prior to July 1, 2014.  The sole issue on appeal is whether Cook, a parole-eligible inmate convicted and sentenced prior to July 1, 2014, is entitled to a parole case plan under Section 47-7-3.1(1).  Because the Court held in *Fisher v. Drankus*, 204 So. 3d 1232 (Miss.

2016), that a parole-eligible inmate convicted and sentenced prior to July 1, 2014, was not entitled to receive a parole case plan under Section 47-7-3.1(1), we reverse and render.

## FACTUAL BACKGROUND

¶2.     Cook is an inmate in the custody of the Mississippi Department of Corrections (MDOC). On August 11, 1994, Cook pleaded guilty to murder and was sentenced to life in prison.[1]  Cook had his first parole hearing on July 8, 2013, and was denied parole. On May 4, 2015, Cook was denied parole for the second time, and Cook's next parole hearing date was set for May 4, 2017. On July 1, 2015, Cook submitted a grievance through the Administrative Remedies Program (ARP). Cook stated that he was a parole-eligible inmate and requested that the MDOC issue him a parole case plan[2] in accordance with Section 47-7-3.1.

¶3.     On July 7, 2015, the MDOC issued a first step response denying Cook's request. The MDOC's response provided: "House Bill 585[3] states that all offenders who are [parole] eligible, are to be issued a case plan at admission effective 7/1/2014. However, this Bill is

---

[1]  Under Mississippi Code Section 47-7-3(1), Cook was eligible for parole after serving ten years of his life sentence for murder and ten years of his consecutive twenty year sentence for armed robbery. *See* Miss. Code Ann. § 47-7-3(1) (Rev. 2015).

[2]  Mississippi Code Section 47-7-2 defines a "parole case plan" as "an individualized, written accountability and behavior change strategy developed by the department in collaboration with the parole board to prepare offenders for release on parole at the parole eligibility date. The case plan shall focus on the offender's criminal risk factors that, if addressed, reduce the likelihood of reoffending." *See* Miss. Code Ann. § 47-7-2 (Rev. 2015).

[3] Section 41-7-3.1, which became effective on July 1, 2014, was created through the passage of House Bill 585. *See* Miss. Code Ann. § 47-7-3.1 (Rev. 2015).

not retroactive and only applies to offenders sentenced on or after 7/1/2014. Offenders who were eligible for Parole before 7/1/2014 will continue to be considered for Parole Docket and be reviewed by the Parole Board." Cook appealed the decision and proceeded to step two of the ARP. On July 24, 2015, the MDOC issued a second step response, denying Cook's appeal. The MDOC's second step response provided: "House Bill 585, states a ca[s]e plan will be made on [] parole eligible offenders sentenced on or after July 1, 2014. This Bill is not retroactive and only applies to offenders sentenced on or after July 1, 2014. Offenders who were eligible for parole before July 1, 2014 will continue to be considered for Parole via a Parole docket and be reviewed by the Parole Board."

¶4. On August 19, 2015, Cook filed a "motion for judicial review" in the Circuit Court of Sunflower County. Cook requested that the circuit court order the MDOC to prepare and issue him a case plan. Cook argued that all parole-eligible offenders are entitled to a case plan under House Bill 585 regardless of their date of parole eligibility. The MDOC filed a response and admitted that Cook was parole-eligible. The Department of Corrections also admitted that House Bill 585 provided for case plans for inmates sentenced from July 1, 2014, forward, but it argued that the law was not retroactive. The MDOC argued that inmates sentenced prior to July 1, 2014, were not eligible for parole case plans under House Bill 585 and moved to dismiss the case with prejudice.

¶5. On October 19, 2015, the circuit court found that Cook was entitled to a case plan and ordered the MDOC to issue Cook a parole case plan in accordance with Section 47-7-3.1. On November 5, 2015, the MDOC timely filed a notice of appeal.

ANALYSIS

### A. Standard of Review

¶6. The decision of an administrative agency will be reversed only if the decision (1) was unsupported by substantial evidence; (2) was arbitrary and capricious; (3) beyond the power of the administrative agency to make; or (4) violated the complaining party's statutory or constitutional right. *Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid*, 21 So. 3d 600, 606 (¶14) (Miss. 2009). "An agency's interpretation of a rule or statute governing the agency's operation is a matter of law that is reviewed de novo, but with great deference to the agency's interpretation." *Id*. at 606 (¶15). "However, if an agency's interpretation is contrary to the unambiguous terms or best reading of a statute, no deference is due." *Id*. at 607 (¶16). "An agency's interpretation will not be upheld if it is so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id*.

### B. Section 47-7-3.1

¶7. "During the 2014 legislative session, the Legislature enacted comprehensive criminal justice reform legislation, known as House Bill 585, which amended numerous statutes related to parole and sentencing[.]" *Sinko v. State*, 192 So. 3d 1069, 1075 (Miss. Ct. App. 2016). Cook argues that Section 47-7-3.1(1), which was created through the enactment of House Bill 585, requires the MDOC to develop and issue him a case plan because he is a parole-eligible inmate. Section 47-7-3.1 provides:

> (1) In consultation with the Parole Board, the department shall develop a case plan for all parole eligible inmates to guide an inmate's rehabilitation while in

4

the department's custody and to reduce the likelihood of recidivism after release.

(2) Within ninety (90) days of admission, the department shall complete a case plan on all inmates which shall include, but [be] not limited to

      (a) Programming and treatment requirements based on the results of a risk and needs assessment;

      (b) Any programming or treatment requirements contained in the sentencing order; and

      (c) General behavior requirements in accordance with the rules and policies of the department.

(3) The department shall provide the inmate with a written copy of the case plan and the inmate's caseworker shall explain the conditions set forth in the case plan.

      (a) Within ninety (90) days of admission, the caseworker shall notify the inmate of their parole eligibility date as calculated in accordance with Section 47-7-3(3);

      (b) At the time a parole-eligible inmate receives the case plan, the department shall send the case plan to the Parole Board for approval.

(4) The department shall ensure that the case plan is achievable prior to inmate's parole eligibility date.

(5) The caseworker shall meet with the inmate every eight (8) weeks from the date the offender received the case plan to review the inmate's case plan progress.

(6) Every four (4) months the department shall electronically submit a progress report on each parole-eligible inmate's case plan to the Parole Board. The board may meet to review an inmate's case plan and may provide written input to the caseworker on the inmate's progress toward completion of the case plan.

(7) The Parole Board shall provide semiannually to the Oversight Task Force the number of parole hearings held, the number of prisoners released to parole without a hearing and the number of parolees released after a hearing.

Miss. Code Ann. § 47-7-3.1 (Rev. 2015).

¶8.     In ***Drankus***, the Court reversed a circuit court's order directing the MDOC to issue a case plan to Michael Drankus, a parole eligible inmate, who had been convicted and sentenced prior to July 1, 2014. ***Drankus***, 204 So. 3d at 1233 (¶ 1). The ***Drankus*** Court determined that the MDOC's interpretation of Section 47-7-3.1 was reasonable and not inconsistent with the language of the statute and ascertainable legislative intent. ***Id.*** at 1235 (¶ 9). The Court recognized that Section 47-7-3.1 contains operative mandates which indicate that the section's parole case plan directive was intended to apply prospectively. ***Id.***

¶9.     Specifically, subsection (2) provides that the MDOC shall complete a case plan for all inmates within ninety days of an inmate's admission. Miss. Code Ann. § 47-7-3.1(2). Paragraph (a) in subsection (3) provides that a caseworker shall notify the inmate of his parole eligibility date within ninety days of the inmate's admission. Miss. Code Ann. § 47-7-3.1(3)(a). The Court noted that provision could not be met in Drankus's case, since he was admitted into the MDOC's custody in 1987. ***Drankus***, 204 So. 3d at 1235 (¶ 10). The Court also noted that subsection (4)'s mandate that the MDOC shall ensure that the case plan is achievable prior to an inmate's parole eligibility date was indicative of the MDOC's interpretation that Section 47-7-3.1 was intended to apply prospectively. Miss. Code Ann. § 47-7-3.1(4). The Court concluded that Section 47-7-3.1 did not apply to Drankus because the statute does not clearly and unequivocally express an intention for retroactive applicability. ***Drankus***, 204 So. 3d at 1236 (¶¶ 14-15). Like Drankus, Cook, a parole-

6

eligible inmate convicted and sentenced prior to July 1, 2014, is not entitled to a parole case plan under Section 47-7-3.1.

**CONCLUSION**

¶10.    Because, pursuant to our holding in ***Drankus***, Cook is not entitled a parole case plan under Section 47-7-3.1(1), we reverse the judgment of the Sunflower County Circuit Court and render judgment here.

¶11.    **REVERSED AND RENDERED.**

       **WALLER, C.J., RANDOLPH, P.J., KITCHENS, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.  DICKINSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  KING, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**