# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60535
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2017

Lyle W. Cayce
Clerk

GEORGE MICHAEL BASS,

Plaintiff-Appellant

v.

PELICIA HALL; EARNEST LEE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:15-CV-77

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

George Michael Bass, Mississippi prisoner # 81583, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bass alleged that he had been denied due process, equal protection, and a vested liberty interest by the defendants' failure to develop a parole case plan for him, as required by Mississippi law. *See* MISS. CODE ANN. §§ 47-7-3.1, 47-7-18.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60535

We review the dismissal de novo. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). A state prisoner's liberty interest in parole is defined by state statute. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987).

While Bass's appeal has been pending, the Mississippi Supreme Court, sitting en banc, held that a parole-eligible inmate convicted and sentenced prior to July 1, 2014, is not entitled to a parole case plan under § 47-7-3.1. *Fisher v. Drankus*, 204 So. 3d 1232, 1235-36 (Miss. 2016) (en banc); *see also Mississippi Dep't of Corr. v. Cook*, 210 So. 3d 965, 968 (Miss. 2017) (relying on *Drankus*). A Mississippi appellate court iterated that an inmate eligible for parole under pre-amendment statutes has no constitutionally protected liberty interest in parole and noted that "the grant or denial of parole is entirely within the Parole Board's discretion." *Willard v. Mississippi State Parole Bd.*, 212 So. 3d 80, 85-86 (Miss. Ct. App. 2016); *see* MISS. CODE. ANN. §§ 47-7-3 and 47-7-5(3) (West 2017).

Convicted and sentenced in 1993, Bass has no liberty interest in parole and, concomitantly, has no constitutionally protected right to a parole case plan. *See Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312-13 (5th Cir. 2014); *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 565-66 (5th Cir. 1987). Thus, the district court did not err in dismissing Bass's complaint for failure to state a claim, and the judgment is AFFIRMED.

The district court's dismissal of Bass's complaint for failure to state a claim under § 1915(e)(2)(B)(ii) counts as a "strike" under § 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bass is WARNED that once he accumulates three

No. 15-60535

strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).